## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

COLLINS & AIKMAN CORPORATION and
COLLINS & AIKMAN PRODUCTS CO., as Debtors
in Possession,

                    Plaintiffs,

      vs.

DAVID A. STOCKMAN, J. MICHAEL STEPP,
BRYCE M. KOTH, DAVID R. COSGROVE, PAUL
C. BARNABA, ROBERT A. KRAUSE, JOHN A.
GALANTE, CHARLES E. BECKER, ELKIN B.
MCCALLUM, THOMAS E. EVANS, CYNTHIA
HESS, DANIEL P. TREDWELL, W. GERALD
MCCONNELL, SAMUEL VALENTI, III,
HEARTLAND INDUSTRIAL PARTNERS, L.P.,
HEARTLAND INDUSTRIAL ASSOCIATES, L.L.C.,
HEARTLAND INDUSTRIAL GROUP, L.L.C.,
PRICEWATERHOUSECOOPERS LLP and KPMG
LLP,

                Defendants.

Civil Action No. 07-265-***

## DEFENDANT CYNTHIA HESS' OPENING BRIEF IN SUPPORT OF HER MOTION TO DISMISS THE COMPLAINT FOR FAILURE TO STATE CLAIMS UPON WHICH RELIEF CAN BE GRANTED

Of Counsel:

Lynn M. Brimer (P43291)
Dennis W. Loughlin (P57084)
George S. Fish (P51298)
STROBL & SHARP, P.C.
300 East Long Lake Road, Suite 200
Bloomfield Hills, MI  48304-2376
Telephone No.: (248) 540-2300
Facsimile No.: (248) 645-2690
lbrimer@stroblpc.com

Dated:  September 21, 2007

Albert H. Manwaring, IV (Del. Bar No. 4339)
Thomas H. Kovach (Del. Bar No. 3964)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
P.O. Box 1709
Wilmington, DE  19899-1709
Telephone No.: (302) 777-6500
Facsimile No.: (302) 421-8390
manwaringa@pepperlaw.com
kovacht@pepperlaw.com

*Attorneys for Defendant Cynthia Hess*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................... iii

STATEMENT OF ISSUES PRESENTED............................................................. vii

INTRODUCTION...................................................................................................... 1

NATURE AND STAGE OF THE PROCEEDINGS .................................................. 2

SUMMARY OF ARGUMENT................................................................................... 2

FACTUAL ALLEGATIONS ...................................................................................... 3

ARGUMENT ............................................................................................................ 4

I.      LEGAL STANDARD ...................................................................................... 5

        A.      Fed.R.Civ.P. 12(b)(6)........................................................................ 5

        B.      The Heightened Pleading Requirements of Rule 9(b)
                And The Reform Act .......................................................................... 5
                1.  Rule 9(b) ..................................................................................... 5
                2.  The Reform Act........................................................................... 8

II.     PLAINTIFFS HAVE FAILED TO PROPERLY PLEAD ANY
        VIOLATIONS OF THE SECURITIES EXCHANGE ACT
        BY HESS AND THEREFORE COUTS I AND II MUST
        BE DISMISSED ........................................................................................... 10

III.    PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR
        BREACH OF FIDUCIARY DUTY AGAINST HESS ...................................... 13

        A.      Plaintiffs Have Failed to State a Claim for Breach of the Fiduciary
                Duty of Care...................................................................................... 14

        B.      Plaintiffs Have Failed To State a Claim for Breach of the Fiduciary
                Duty of Loyalty ................................................................................. 15

IV.     PLAINTIFFS HAVE FAILED TO STATE A CLAIM AGAINST
        HESS FOR UNJUST INRICHMENT.............................................................. 17

V.      PLAINTIFFS HAVE FAILED TO STATE A CLAIM AGAINST
        HESS FOR COMMON LAW FRAUD ........................................................... 17

VI.     PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED
        WITH PREJUDICE ...................................................................................... 18
VII.    PLAINTIFFS' STATE LAW CLAIMS (COUNTS III, IV AND V)
        MUST BE DISMISSED FOR LACK OF JURISDICTION ........................... 19

CONCLUSION ................................................................................................... 20

## <u>TABLE OF AUTHORITIES</u>

*Bakerman v. Sidney Frank Importing Co.*, 2006 Del. Ch. LEXIS 180 (2006) ...........17

*Calif. Public Employees' Retirement system v. The Chubb Corp.*,
    394 F.3d 126, 144 (3d Cir. 2004)....................................................12

*Coffey v. Foamex, L.P.*, 2 F3d 157, 161-162 (6th Cir. 1993)........................7

*Chiarella v. United States*, 445 U.S. 222, 226, 100 S. Ct. 1108, 1113,
    63 L.Ed.2d 348 (1980) ..................................................................10

*Dura Pharm., Inc., v. Broudo*, 544 U.S. 336, 341-42, 125 S. Ct. 1627,
    161 L.Ed.2d 577 (2005) ...............................................................4

*Gaffin v. Teledyne, Inc.*, 611 A.2d 467, 472 (Del. 1992)...........................18

*General Motors. v. New A.C. Chevrolet, Inc.*, 263 F.3d 296, 333 (3d Cir. 2001)........5

*Globis Capital Partners, L.P. v. Stonepath Group, Inc.*,
    2007 U.S. App LEXIS 16353 (July 10, 2007)..................................10

*In re Advanta Corp Sec. Litig.,* 180 F.3d 525, 534 (3d  Cir. 1999).............................9

*In re Alpharma Inc. Sec. Litig.*, 372 F.3d 137, 149 (3d Cir. 2004)..............................9

*In re Astea International Inc. Secs. Litig.*,
    2007 U.S.Dist. LEXIS 58238 (3d Cir. August 8, 2007) ...................................7

*In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410 (3d Cir. 1997) ....................7

*In re Digital Island Sec. Litig.*, 357 F.3d 322, 328 (3d Cir. 2004) ..........................9, 10

*In re Rockefeller Ctr. Props. Secs. Litig.*, 311 F.3d 197, 215 (3d Cir. 2002)...........7, 8
*In re Rockefeller Ctr. Props. Secs. Litig.*, 311 F.3d at 217.......................................7, 8
*In re Rockefeller Ctr. Props. Secs. Litig.,* 311 F.3d at 218.........................................12
*In re Rockefeller Ctr. Props. Secs. Litig.,* 311 F.3d at 224.........................................8

*In re Suprema Specialties, Inc. Sec. Litig.,* 438 F.3d 256, 275 (3d Cir. 2006) ......4, 11
*In re Suprema Specialties, Inc. Sec. Litig.,* 438 F.3d 256, 270 (3d Cir. 2006) ...........6

*Jackson Nat'l Life Ins. Co. v. Kennedy*, 741 A.2d 377 (Del. Ch. 1999)...............16, 17

*Jones v. Intelli-Check, Inc.*, 274 F.Supp.2d 615 (D. N.J. 2003)..................................8

## TABLE OF AUTHORITIES

### (continued)

*Katz v. Household International, Inc.*, 36 F.3d 670, 675 (7th Cir. 1994) ..................... 7

*Key Equity Investors Inc. v. Sel-Leb Marketing Inc.,*
   *2007 U.S. App LEXIS 21392 (September 6, 2007)* ........................................ 6

*Klein v. General Nutrition Cos., Inc.*, 186 F.3d 33, 345 (3d Cir. 1999)..................... 12

*MCI World com,*191 F. Supp.2d at 794 ................................................................. 19

*NAHC Sec. Litig.*, 306 F.3d 1314, 1369 (3d Cir. 2002).............................................. 12

*Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 1831 (1989) ..................... 5

*Nutt v. A.C.&S., Inc.,* 466 A.2d 18, 23 (1983) ........................................................... 18

*Rossdeutscher v. Viacom, Inc.*, 768 A.2d 8 (2001) .................................................. 18

*Sears v. Likens*, 912 F.2d 889, 893 (7th Cir. 1990)............................................... 6, 12

*Shields v. City Trust Bank Corp., Inc.* 25 F.3d 1124, 1127-1128 (2d Cir. 1994)……...7

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.,*
   127 S. Ct. 2499, 2507, 168 L.Ed. 2d 179 (2007) .............................. 5, 8, 9, 13

*United States v. Mississippi*, 380 U.S. 128, 85 S. Ct. 808 (1965).............................. 5

*Viacom, Inc. v. Harbridge Merchant Serves., Inc.*, 20 F.3d 771, 777 (7th Cir. 1994)...6

*WM High Yield Fund v. Michael A. O'Hanlon*, 2005 U.S. Dist. LEXIS 12064 (E.D. Pa.
   May 16, 2005) …………………………………………………………………………12

**Statutes**                                                                                           **Page(s)**

11 U.S.C. §1367(c)(3) ................................................................. vii, 3, 19

15 U.S.C. §78(t) .......................................................................... v

15 U.S.C. §78(t)(a) ................................................................... vii

15 U.S.C. §78u-4(b)(1) ......................................................... vii, 8, 10

15 U.S.C. §78u-4(b)(2) ................................................................. 9

15 U.S.C. §78u-4(b)(3)(A) ............................................................ 19

17 C.F.R § 240.10(b)-5 .............................................................. 11

## Other Authorities

H.R. Conf. Rep. No. 104-369 at 32 (1995) ............................................ 18

Securities and Exchange Act ............................................. vii, 1, 2, 3, 5, 10

## Rules

Fed. R. Civ. P. 12(b)(6) ............................................................. 5

## State Cases

*Baxter Int'l, Inc. S'holders Litig.,* 654 A.2d 1268, 1270 (Del. Ch. 1995) ....................15

*Continuing Creditors Comm. of Star Telecommunication Inc.*
   *v. Edgecomb,* 385 F. Supp. 2d 449, 460 (D. Del. 2004)........................................15

*In re Caremark Int'l Inc. Derivative Litig.,* 698 A.2d 959, 967 (Del. Ch. 1996) ..........16

*In re Walt Disney Co. Derivative Litig, 907 A.2d 693, 750*
   *(Del. Ch. 2005), aff'd 906 A.2d 27 (Del. 2006)* ......................................................14

*Jackson Nat'l Life Ins. Co. v. Kennedy,* 741 A.2d 377, 389 (Del. Ch. 1999).......16, 17

*Malpiede v. Townson,* 780 A.2d 1075, 1094-95 (Del. 2001) ....................................15

*Metro Communication,* 854 A.2d at 157-58................................................................16

*Malove v. Brincat,* 722 A.2d 5, 10 (Del. 1998)..........................................................16

*Shurkin v. Golden State Vintners, Inc.,* 2005 WL 1926620
   (N.D. Cal. Aug. 10, 2005) ......................................................................................15

*Stone v. Ritter,* 911 A.2d 362, 370 (Del. 2006)........................................................16

## State Statutes

8 *Del. C.* §102(b)(7)..............................................................................................3, 14

**STATEMENT OF ISSUES PRESENTED**

I.      Whether the Court should dismiss Count I and II of the Plaintiffs' Complaint as to Defendant Cynthia Hess ("Hess") alleging violations of the Securities Exchange Act of 1934 (the "Securities Exchange Act"), 15 U.S.C. § 78(t)a, et seq., where Plaintiffs have not alleged, and cannot allege with the required particularity of Fed. R. Civ. P. 9(b) and the Private Securities Litigation Reform Act (the "Reform Act"), 15 U.S.C. § 78u-4(b)(2) that Defendant Hess engaged in conduct that violated said Act?

        Defendant answers "Yes."

2.      Whether the Court should dismiss Counts III, IV and V of the Plaintiffs' Complaint as to Hess for lack of jurisdiction pursuant to 11 U.S.C. 1367(c)(3)?

        Defendants answer "Yes."

3.      Whether the Complaint should be dismissed with prejudice because further amendment would be futile and frustrate the purpose of the PSLRA?

        Defendant answers "Yes."

## INTRODUCTION

Plaintiffs Collins & Aikman Corporation and Collins & Aikman Products Co. (collectively "Plaintiffs"), filed a Complaint against multiple defendants, including Defendant Cynthia Hess ("Hess") seeking recovery under various securities fraud and state law claims. Plaintiffs are Tier One manufacturers and suppliers of component parts to the automotive industry. As of May 17, 2005, Plaintiffs have been operating under the protection of Chapter 11 of the U.S. Bankruptcy Code.

Plaintiffs have chosen to use the "group pleading" method to allege violations of various provisions of the Securities and Exchange Act of 1934 ("Securities Act") and for recovery under several state law causes of action against, among others, several of their officers and directors. Plaintiffs make absolutely no factual allegations against Hess in support of their claims. Despite the lengthy period of time Plaintiffs have had to conduct their investigation and to uncover wrongful acts by the individual officers and directors, the Complaint completely fails to set forth any particularized pleading or factual allegation against Hess necessary maintain their claims against her. Plaintiffs rely solely on their general group pleading allegations of fraud and recklessness and negligence to support their claims for personal liability against Hess. Plaintiffs clearly hope that this general pleading will entitle them to conduct a "fishing expedition" to search for any evidence that will add substance to make their currently bare allegations tenable.[1]

---

[1] This impermissible motive is confirmed in the preamble to the Complaint, which states specifically that "Plaintiffs believe that substantial additional evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery."

## NATURE AND STAGE OF THE PROCEEDINGS

On May 16, 2006, Plaintiffs, as Debtors-in-Possession in a Chapter 11 proceeding pending in the Bankruptcy Court for the Eastern District of Michigan, filed this action. The Complaint seeks recovery against Defendant Hess for violations of § 10(b) of the Securities Exchange Act and Rule 10b-5 promulgated thereunder, § 14(a) of the Securities Exchange Act and Rule 14a-9 promulgated thereunder and for common law claims of breach of fiduciary duties, unjust enrichment and common law fraud. Hess hereby moves that the Complaint be dismissed as to her for Plaintiffs' failure to state a claim upon which relief may be granted and for failure to meet their pleading burdens with respect to their allegations of fraud. Fed. R. Civ. P. 9(b) and 12(b)(6).

## SUMMARY OF ARGUMENT

1.    Plaintiffs' claim under § 10(b) and Rule 10b-5 should be dismissed for Plaintiffs' failure to allege any violations by Hess. Plaintiffs have made no specific allegation with respect to Ms. Hess and have relied upon "group pleading", which is not sufficient to meet their burden with respect to the elements of their claim under §10(b) and Rule 10b-5. Plaintiffs have failed to establish the initial hurdle of their claim against Hess by failing to allege any material misrepresentation or omission by her. Moreover, they have failed to adequately allege any facts that would establish the required scienter. Plaintiffs have failed to meet their pleading burden under Rule 9(b) and have failed to state a claim under Rule 12(b)(6).

2.    Plaintiffs' claim under § 14(a) and Rule 14a-9 are subject to the same pleading requirements as their § 10(b) claim. Plaintiffs have failed to allege with any particularity

any material misstatement or omission by Hess nor have they asserted the necessary intent required to establish a claim under § 14(a).

3.    Plaintiffs' state law claims should be dismissed for lack of jurisdiction under 11 U.S.C. § 1367(c)(3).

4.    Plaintiffs have failed to allege facts sufficient to establish that Hess breached a fiduciary duty of care or of loyalty.  Moreover, Plaintiffs' claim for breach of the fiduciary duty of care must be dismissed as a matter of law under 8 *Del. C.* § 102(b)(7).

5.    Plaintiffs have failed to allege any benefit to Hess and therefore their claims for unjust enrichment must be dismissed.

6.    As with the federal claims for fraud, Plaintiffs' claims for common law fraud must be dismissed because Plaintiffs have failed to state any allegations against Hess with the required specificity.

## FACTUAL ALLEGATIONS

Plaintiffs' Complaint is completely void of any factual allegations against Hess that constitute violations of the Securities Acts or that support their state law claims. The rather confusing and rambling Complaint mentions Hess' name in only two separate paragraphs – paragraph 19 on page 6 and paragraph 28 on page 11. Paragraph 19 identifies her as a director of the Collins & Aikman Corporation from 2001 through 2003, having been appointed to that position by virtue of her involvement with Heartland Industrial Partners, LP ("Heartland LP").  Paragraph 28 merely restates her involvement with Heartland LP.  Beyond that, not another single allegation is made throughout the entire remaining 213 paragraphs that makes particular reference to Hess.

Plaintiffs' Complaint asserts that collectively the defendants employed a series of "fraudulent schemes, designed to artificially inflate the Company's reported financial results and avoid triggering debt covenants" thereby "deepening its insolvency." (Complaint, ¶ 40). In general terms, the Complaint alleges the defendants engaged in a scheme of fraudulent accounting practices in order to overstate earnings and understate losses on the Company's financial reports. (*See, e.g.,* Complaint, ¶¶ 75, 76, 77, 91, 98, and 99). The Complaint further asserts that as a result of the alleged improper accounting practices and falsely positive financial statements, Plaintiffs were able to raise money from the public and private banks that they otherwise should not have been able to secure. (Complaint, ¶ 75). Not a single bad act, improper motive, or act of recklessness or negligence is attributed to Hess.

## ARGUMENT

In order to state of claim under Rule 10b-5 and Section 10(b) for securities fraud, a plaintiff must allege: (1) a material misrepresentation or omission; (2) scienter; (3) a connection with the purchase or sale of a security; (4) reliance; (5) economic loss; and (6) loss causation. *Dura Pharm., Inc., v. Broudo,* 544 U.S. 336, 341-42, 125 S. Ct. 1627, 161 L.Ed.2d 577 (2005); *In re Suprema Specialties, Inc. Sec. Litig.,* 438 F.3d 256, 275 (3d Cir. 2006). The Plaintiffs in this matter have not pleaded any of the elements of their case with respect to Hess. Since the well-pleaded allegations fail to adequately state a claim for relief against Hess, the Complaint must be dismissed as to her. Fed. R. Civ. P. 12(b)(6).

## I.    LEGAL STANDARD

### A.    Fed. R. Civ. P. 12(b)(6)

Pursuant to Fed.R.Civ.P.12(b)(6) (hereinafter "Rule 12(b)(6)"), Plaintiffs' Complaint should be dismissed for failure to state a claim for which relief can be granted with respect to Hess. A court should dismiss a claim under Rule 12(b)(6) when the court determines that "no relief could be granted under any set of facts that could be proved consistent with the allegations." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 1831 (1989). "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issues of law." *Id.* "Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously unsupportable." *Id.* A "claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailable one" if the court determines that as a matter of law, the claimant cannot prove facts sufficient to obtain a recovery. *Id.*

In determining whether a claim should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6), all factual allegations of the claim must be taken as true. *United States v. Mississippi*, 380 U.S. 128, 85 S. Ct. 808 (1965). However, courts are not required to admit unsubstantiated facts and mere conclusory allegations as true. *See General Motors. v. New A.C. Chevrolet, Inc.*, 263 F.3d 296, 333 (3d Cir. 2001).

### B.    The Heightened Pleading Requirements of Fed. R. Civ. P. 9(b) and The Reform Act

#### 1.    Rule 9(b)

It is well established that Rule 9(b) applies to claims brought under Section 10(b) and Section 14(a) of the Securities Exchange Act. *See, e.g., Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2507, 168 L.Ed. 2d 179 (2007) ("Prior to the

enactment of the PSLRA, the sufficiency of a complaint for securities fraud was governed not by Rule 8, but by the heightened pleading standard set forth in Rule 9(b).").  Rule 9(b) requires that the circumstances constituting fraud must be stated with particularity.  Specifically, under Rule 9(b):

> In all averments of fraud or mistake, **the circumstances constituting fraud or mistake shall be stated with particularity**.  Malice, intent, knowledge, and other conditions of mind of a person may be averred generally. [Emphasis added.]

Compliance with Rule 9(b) is reviewed as to each of the elements of the plaintiff's claim of fraud in a complaint and as to each of the named defendants because each defendant must be informed of the specific nature of his alleged participation.  *See Sears v. Likens*, 912 F.2d 889, 893 (7th Cir. 1990) (holding that Rule 9(b) is not satisfied if a complainant groups defendants together without specifying which defendant was involved in which fraudulent activity).  As such, the pleading must be sufficiently particular to serve the three goals of Rule 9(b) which are:

> (1)  to provide a defendant with fair notice of the claims against him;
>
> (2)  to protect a defendant from harm to his reputation or good will by unfounded allegations of fraud; and
>
> (3)  to reduce the number of frivolous suits brought to extract settlement.

*Key Equity Investors Inc. v. Sel-Leb Marketing Inc.* 2007 U.S. App LEXIS 21392 (September 6, 2007) (*citing In re Suprema Specialties,* 438 F.3d 256, 270 (3d Cir. 2006)); *see also Viacom, Inc. v. Harbridge Merchant Serves., Inc.*, 20 F.3d 771, 777 (7th Cir. 1994)).

The Third Circuit has emphasized that "Rule 9(b) requires, at a minimum, that plaintiffs support their allegations of securities fraud with all of the essential factual background that would accompany 'the first paragraph of any newspaper story' – that is, the 'who, what, when, where and how' of the events at issue. *In re Astea International Inc. Secs. Litig.*, 2007 U.S.Dist. LEXIS 58238 (3d Cir. August 8, 2007) (citing *In re Rockefeller Ctr. Props. Secs Litig.,* 311 F.3d 197, 217 (3d Cir. 2002)). Therefore, to satisfy Rule 9(b), in a securities fraud case, a plaintiff must allege:

1)    the time, place and content of the alleged misrepresentation;

2)    the identity of the party making the alleged misrepresentation,

3)    the fraudulent scheme;

4)    the fraudulent intent of the defendant; and

5)    the injury resulting from the fraud.

*See, e.g., Coffey v. Foamex, L.P.*, 2 F.3d 157, 161-162 (6th Cir. 1993); *Katz v. Household International, Inc.*, 36 F.3d 670, 675 (7th Cir. 1994) (fraud allegations failed to identify any instance of fraudulent statements allegedly made by defendant); *Shields v. City Trust Bank Corp., Inc.* 25 F.3d 1124, 1127-1128 (2d Cir. 1994) (securities fraud allegations must specify (1) alleged fraudulent statements, (2) identify of speaker, (3) place where statements made, (4) explanation of why such statements are fraudulent).

Plaintiffs may claim that the pleading requirements of Rule 9(b) may be relaxed where information is only in the opposing party's possession. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410 (3d Cir. 1997). However, the plaintiffs must identify where possible the roles of the individual defendants in the misrepresentations. *See, e.g., Rockefeller Ctr.,* 311 F.3d at 215. Moreover, "in order to obtain the benefit of this

relaxed standard in the Third Circuit, plaintiffs must plead that the information missing from their complaint is in the exclusive control of defendants, and must also plead the extent of their efforts to obtain the missing information prior to filing their complaint." *Jones v. Intelli-Check, Inc.*, 274 F.Supp.2d 615 (D. N.J. 2003); *see also Rockefeller Ctr.*, 311 F.3d at 215. Consequently, the Plaintiffs in this matter are not relieved from Rule 9(b)'s requirements in this case.

### 2.    The Reform Act

Congress established heightened pleading standards for securities fraud litigation when it enacted the Reform Act. The Supreme Court recently noted that,

> Setting a uniform pleading standard for § 10(b) actions was among Congress' objectives when it enacted the PSLRA. Designed to curb perceived abuses of the § 10(b) private action – "nuisance filings, targeting of deep-pocket defendants, vexatious discovery request and manipulation by class actions lawyers."

*Tellabs,* 127 S. Ct. at 2507. The Third Circuit has noted that "the importance of the Reform Act . . . is that the heightened pleading requirement of § 78u-4(b)(1) imposes another layer of factual particularity to allegations of securities fraud." *In re Rockefeller Ctr. Props. Secs. Litig.,* 311 F.3d at 217.

Under the Reform Act, Plaintiffs have traditionally not been entitled to the standard inferences of traditional Rule 12(b)(6) review. In other words, "unless plaintiffs in securities fraud actions allege facts supporting their contentions of fraud with the requisite particularity mandated by Rule 9(b) and the Reform Act, they may not benefit from the inferences flowing from vague or unspecific allegations – inferences that may arguably have been justified under a traditional Rule 12(b)(6) analysis." *Rockefeller Ctr.,* 311 F.3d at 224. Therefore, inferences in pleadings of a defendants' alleged

scienter will not survive if they are not adequately plead with the particularity requirements of Rule 9(b). In *Tellabs,* the Supreme Court noted that "Congress did not merely require plaintiffs to 'provide a factual basis for [their] scienter allegations,' (citations omitted), to allege facts from which an inference of scienter rationally *could* be drawn. Instead, Congress required plaintiffs to plead with particularity facts that give rise to a "strong" – i.e., a powerful or cogent – inference." *Tellabs,* 127 S. Ct. at 2499.

In *In re Alpharma Inc. Sec. Litig.*, 372 F.3d 137, 149 (3d Cir. 2004), the Third Circuit ruled that "Plaintiffs pleading scienter through motive and opportunity must support their allegations with 'facts stated with particularity' that 'give rise to a strong inference of scienter. 15 U.S.C. § 78u-4(b) (2))   The Third Circuit has established a two-pronged standard for determining whether a complaint has started a "strong inference" of scienter by pleading facts to demonstrate that: (1) defendant had both motive and opportunity to commit the fraud or (2) that constitute circumstantial evidence of either reckless or conscious behavior. *In re Digital Island Sec. Litig.*, 357 F.3d 322, 328 (3d Cir. 2004).

In order to establish a strong inference of scienter under the Third Circuit approach, the plaintiff must plead facts supporting their claim with particularity.   A plaintiff cannot merely make general allegations of motive and opportunity or reckless or conscious behavior, but must support their claims with factual allegations.   "Catch-all allegations that defendants stood to benefit from wrongdoing and had the opportunity to implement a fraudulent scheme are no longer sufficient." *In re Advanta Corp Sec. Litig.,* 180 F.3d 525, 534 (3d Cir. 1999).   The plaintiff must allege specific personal benefit running to the particular defendant and identify the facts that support the opportunity.

Likewise, to rely on the recklessness or conscious behavior standard to establish the "strong inference" of scienter, the plaintiffs must meet plead facts with particularity. To plead scienter through recklessness requires something more than "claims essentially grounded on corporate mismanagement." *Globis Capital Partners, L.P. v. Stonepath Group, Inc.*, 2007 U.S. App LEXIS 16353 (July 10, 2007) (citing *Digital Island*, 357 F.3d at 332).

## II.    PLAINTIFFS HAVE FAILED TO PROPERLY PLEAD ANY VIOLATIONS OF THE SECURITIES EXCHANGE ACT BY HESS AND THEREFORE COUNTS I & II MUST BE DISMISSED.

As to Plaintiffs' claims for violations of Sections 10(b) and 14(a) of the Securities and Exchange Act, Plaintiffs do not even meet their initial hurdle of alleging an untrue statement or omission of material fact with respect to Hess. *See* 15 U.S.C. ¶ 78u-4(b)(1). Carefully reviewing the Complaint, it is impossible to determine, based on the Plaintiffs' complete failure to attribute any misstatement or omission to Hess, the claims that have been raised against her.

Section 10(b) of the Securities Exchange Act makes it unlawful to use or employ, in connection with the purchase or sale of securities, any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [Securities and Exchange] Commission may prescribe...." *Chiarella v. United States*, 445 U.S. 222, 226, 100 S. Ct. 1108, 1113, 63 L.Ed.2d 348 (1980). Pursuant to Section 10(b), the SEC adopted Rule 10(b)-5 which makes it unlawful, in connection with the purchase or sale of any security:

(a)    to employ any device, scheme, artifice to defraud;

(b)    to make any untrue statement of material fact or to omit to state a material fact necessary in order to make statements made, in light of the circumstances under which they were made, not misleading; or

(c)    to engage in act, practice, or course of business which operates, or would operate, as a fraud or deceit upon any person.

17 C.F.R. § 240.10(b)-5.

In order to state a claim for securities fraud in violation of Section 10(b) and Rule 10(b)-5, the following elements must be alleged against the defendant with the specificity required by Rule 9(b) and the Reform Act:

(1) a misstatement or omission of a material fact;

(2) made with scienter;

(3) a connection with the purchase or sale of a security;

(4) justifiably relied upon by plaintiff, which results in

(5) economic loss; and

(6) loss causation, i.e., a connection between the misrepresentation and the loss.

*In re Suprema Specialties, Inc.*, 348 F. 3d at 275.

Similarly, Section 14a proscribes conduct with respect to the issuance of proxy statements.  Section 14a makes it unlawful:

for any person, by the use of the mails or by any means or instrumentality of interstate commerce or of any facility of a national securities exchange or otherwise, in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors, to solicit or to permit the use of his name to solicit any proxy or consent or authorization in respect of any security (other than an exempted security) registered pursuant to Section 12 of this title.

Essentially, Rule 14a-9, promulgated under Section 14a, prohibits a solicitation by means of a proxy statement, which contains "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading."  The Third Circuit has noted that a plaintiff's "section 14(a) claims must meet the PSLRA particularity requirements because they are grounded in fraud."  *Calif. Public Employees' Retirement System v. The Chubb Corp.*, 394 F.3d 126, 144 (3d Cir. 2004) (citing *NAHC Sec. Litig.*, 306 F.3d 1314, 1369 (3d Cir. 2002)).

Plaintiffs have failed to even minimally meet the requirements of Rule 9(b) and the Reform Act with respect to Hess in either Counts I or Count II.  Relying on "group pleading," Plaintiffs have lumped Hess into Counts I and II and have made not a single specific allegation of a misstatement or omission, and have set forth no facts that would give rise to a strong inference of scienter.  *See, e.g., WM High Yield Fund v. Michael A. O'Hanlon*, 2005 U.S. Dist. LEXIS 12064 (E.D. PA, May 16, 2005).  The Reform Act and Rule 9(b) simply do not permit plaintiffs to merely lump defendants together when alleging fraudulent actions. In *Klein v. General Nutrition Cos., Inc.*, 186 F.3d 33, 345 (3d Cir. 1999), the Third Circuit noted that Rule 9(b) "requires, at a minimum, that the plaintiff identify the speaker of the allegedly fraudulent statements."  *See also Rockefeller Ctr.*, 311 F.3d at 218; *Sears,* 912 F.2d at 892-893 (court held that plaintiffs failed to meet particularity pleading requirements for a securities act claim when complaint contained no details concerning who was involved in alleged fraud or how fraud was perpetrated).  Consequently, Plaintiffs' vague and insufficient references,

which do not attribute any specific statements or omissions to Hess are inadequate to satisfy the Rule 9(b) requirements.

Not only have the Plaintiffs failed to meet the requirements of Rule 9(b) with respect to Hess, they have grossly failed to satisfy the heightened pleading requirements of the Reform Act.  With no particular allegations involving Hess, the Plaintiffs have completely failed to meet their pleading burden with respect to scienter.  In a post-Reform Act securities fraud case, the facts, as pled, must show a strong inference of scienter.  To properly plead a securities fraud claim, "plaintiffs must 'state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind.'"  *Tellabs, Inc.*, 127 S. Ct. at 2511.

Applying the Third Circuit test for determining if the allegations in a Complaint are sufficient to give rise to a strong inference of scienter against Hess, it is clear that Plaintiffs' complaint is grossly deficient.  Not a single allegation has been made that is attributed to Hess regarding motive or opportunity or recklessness.  The Complaint contains not a single allegation of scienter as required by the Reform Act and the Third Circuit.  The Plaintiffs have done nothing more than lump together the defendants and to string together facts without identifying which allegations apply to which defendant and why such facts give rise to an inference of scienter.  Plainly, this is exactly the type of pleading prohibited by the Reform Act.  Coupled with Plaintiffs' complete failure to attribute any misrepresentation or omission to Hess, their inability to plead scienter necessitates the dismissal of Count I and II of the Complaint.

## III.   PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR BREACH OF FIDUCIARY DUTY AGAINST HESS

### A.    Plaintiffs Have Failed To State a Claim for Breach of the Fiduciary Duty of Care

Plaintiffs have failed to plead the requisite elements necessary to maintain a breach of duty of care claim under Delaware law.  To state a claim for breach of the duty of care, Plaintiffs much establish that the Directors acted with "gross negligence." *In re Walt Disney Co. Derivative Litig*, 907 A.2d 693, 750 (Del. Ch. 2005), aff'd 906 A.2d 27 (Del. 2006) (citing *Brehm v. Eisner*, 746 A.2d 244, 259 (Del. 2000)).  The gross negligence standard is defined as a "reckless indifference to or a deliberate disregard of the whole body of stockholders or actions which are without the bounds of reason." *In re Walt Disney*, 907 A.2d at 750.  Here, Plaintiffs merely assert in a conclusory manner that the Company's Directors breached their fiduciary duties, including the duty of care, through an unspecified alleged failure of oversight and disclosure, as well as involvement in a purported accounting scheme.  (Compl., ¶¶ 24-27, 75-77, 166-167).  Accordingly, the Complaint fails to state any facts concerning any Directors' actions that would support grossly negligent conduct in the performance of their duties.

Even if Plaintiffs had been able to state the necessary elements to support a duty of care claim, this claim still fails as a matter of law.  Under 8 *Del. C.* § 102(b)(7), a corporation may eliminate director liability for claims of breach of the fiduciary duty of care.  Exculpation by a company of its directors pursuant to 8 *Del. C.* § 102(b)(7) provides a separate and independent basis for dismissing Plaintiffs' claim for breach of the duty of care.[2]  *See Malpiede v. Townson*, 780 A.2d 1075, 1094-95 (Del. 2001).

---

[2] The Delaware Supreme Court has ruled that a defense based on the existence of a Section 102(b)(7) charter provision "may be raised on a Rule 12(b)(6) motion to dismiss."  *Malpiede*, 780 A.2d at 1092.

Here, the Company's Restated Certificate of Incorporation, which was adopted pursuant to Section 102(b) of the Delaware General Corporation Law, expressly exempts the Company's Directors from breaches of fiduciary duty to the fullest extent possible under the Delaware General Corporation Law ("DGCL").  (Restated Certificate of Incorporation of Collins & Aikman Corp., Art. Eighth, pp. 25-26, attached as Exhibit K to Declaration of Stacey R. Friedman, D.I. 43).[3]    Accordingly, because the exculpatory protection contained in the Company's Certificate of Incorporation eliminates director liability as permitted by Section 102(b)(7) of the DGCL, this "is the end of the case" for Plaintiffs' breach of the duty of care claim. *Malpiede*, 780 A.2d at 1094-95.

### B.    Plaintiffs Have Failed To State a Claim for Breach of the Fiduciary Duty of Loyalty

For Plaintiffs to overcome the existence of the Section 102(b)(7) exculpatory protection contained in the Certificate of Incorporation, Plaintiffs must assert "well-pleaded facts supporting a breach of loyalty or bad faith claim." *Malpiede*, 780 A.2d at 1094.  Plaintiffs have failed to meet their burden.   First, Plaintiffs have failed to "plead facts demonstrating that a *majority* of a board that approved a transaction in dispute was interested and/or lacked independence," which is an essential element to support a claim for breach of the duty of loyalty or good faith. *Continuing Creditors Comm. of Star Telecommunication Inc. v. Edgecomb*, 385 F. Supp. 2d 449, 460 (D. Del. 2004).[4]

---

[3] Courts may take judicial notice on a motion to dismiss of the Company's Restated Certificate of Incorporation. *See, e.g., Baxter Int'l, Inc. S'holders Litig., 654 A.2d 1268, 1270 (Del Ch. 1995); Shurkin v. Golden State Vintners, Inc.*, 2005 WL 1926620 (N.D. Cal. Aug. 10, 2005)("[D]istrict courts routinely take judicial notice of public documents such as a certificate of incorporation or organization filed with the secretary of state.").

[4] Not only does the Complaint fail to identify a transaction that serves as the basis for Plaintiffs' breach of loyalty claim, it also fails to allege self-interestedness or lack of independence of any member of the Board.

Plaintiffs' vague allegations concerning failure to disclose and a failure of oversight are also insufficient to support other types of claims for breach of the fiduciary duty of loyalty. (Compl. ¶¶ 24-27, 75-77, 166-167). In regard to the disclosure claim, Plaintiffs have failed to plead that the Company's Directors omitted information in communications with stockholders in "circumstances that suggest an intent to mislead the stockholders," which is essential to support a breach of loyalty claim for failure to disclose. *Jackson Nat'l Life Ins. Co. v. Kennedy*, 741 A.2d 377, 389 (Del. Ch. 1999). Additionally, Plaintiffs fail to show that the Directors knowingly disseminated false information. *See Metro Communication*, 854 A.2d at 157-58 (citing *Malove v. Brincat*, 722 A.2d 5, 10 (Del. 1998)). Indeed, there are no allegations in the Complaint that the Directors have knowingly or deliberately disseminated false information with an intent to mislead. Therefore, Plaintiffs' claim for breach of the duty of loyalty based on the failure to disclose should be dismissed.

Similarly, Plaintiffs' allegations that the Directors breached their duty of loyalty to the Company by failing to maintain proper oversight is without support. Indeed, an oversight claim is one of the most difficult theories for a plaintiff to allege and prove under Delaware law. *See In re Caremark Int'l Inc. Derivative Litig.*, 698 A.2d 959, 967 (Del. Ch. 1996). To state a claim for failure of oversight, Plaintiffs must plead that "(a) the directors utterly failed to implement any reporting or information system or controls; or (b) having implemented such a system or controls, concisely failed to monitor or oversee its operations thus disabling themselves from being informed of risks or problems requiring their attention." *Stone v. Ritter*, 911 A.2d 362, 370 (Del. 2006). Because the Complaint is devoid of any such allegations, Plaintiffs' claim for breach of

the duty of loyalty based on the alleged failure of management oversight should also be dismissed. In sum, Plaintiffs have failed to state a claim for breach of fiduciary duties under Delaware law.

## IV.    PLAINTIFFS HAVE FAILED TO STATE A CLAIM AGAINST HESS FOR UNJUST ENRICHMENT

The elements of unjust enrichment are (1) an enrichment; (2) an impoverishment; (3) a relationship between the enrichment and the impoverishment; (4) the absence of justification and (5) the absence of a remedy provided by law. *Jackson Nat'l*, 741 A.2d at 393. Unjust enrichment is not appropriate where a contract defines the relationship of the parties. *Bakerman v. Sidney Frank Importing Co.*, 2006 Del. Ch. LEXIS 180 (2006). "Courts developed unjust enrichment as a theory of recovery to remedy the absence of a formal contract." *Id.* In *Bakerman*, the court held that where the relationship of the LLC and the defendants was governed by the LLC's operating agreement, the claim of unjust enrichment should be dismissed. *Id.*

Further, even if an unjust enrichment claim were appropriate, Plaintiffs have failed to allege all the necessary elements. Plaintiffs do allege that the Director Defendants benefited from the alleged actions, but do not allege that the Plaintiffs were impoverished, that the Defendants were not justified in their actions, or that there is adequate remedy at law. There is clearly no allegation that Hess benefited directly or indirectly form the alleged wrongful actions of the defendants. There is, in fact, not even an allegation of an enrichment on the part of Hess to support the Plaintiffs' claims.

## V.    PLAINTIFFS HAVE FAILED TO STATE A CLAIM AGAINST HESS FOR COMMON LAW FRAUD

Common law fraud consists of (1) a false representation, usually one of fat, made by the defendant; (2) the defendant's knowledge or belief that the representation was false, or was made with reckless indifference to the truth; (3) and intent to induce the plaintiff to act or to refrain from acting; (4) the plaintiff's action or inaction taken in justifiable reliance upon the representation and (5) damage to the plaintiff as a result of such reliance. *Gaffin v. Teledyne, Inc.*, 611 A.2d 467, 472 (Del. 1992). Fed. R. Civ. P. 9(b), which mirrors Superior Court Civil Rule 9(b), requires that a plaintiff plead fraud with particularity. Rule 9(b) requires that the allegations include the "time, place, and contents of the false representations, the identity of the person making the representation, and what the person intended to gain by making the representations." *See Nutt v. A.C.&S., Inc.,* 466 A.2d 18, 23 (1983). As shown above, in the analysis of the securities fraud claims, Hess is only mentioned twice in the entire complaint. There are no particular allegations that she made any false representations or that she had knowledge of any false representation or omission. Further, "Rule 10b-5 is almost universally viewed as broader than common law fraud claims." *Rossdeutscher v. Viacom, Inc.*, 768 A.2d 8 (2001). Therefore, if dismissal of the securities claim is appropriate, dismissal of the common law fraud claim is certainly also appropriate.

## VI.    PLAINTIFFS' COMPLAINT SHOULD BE DIMSISSED WITH PREJUDICE

Plaintiffs' Complaint is an example of the specious securities fraud litigation that Congress intended to prevent when it passed the PSLRA. *See* H.R. Conf. Rep. No. 104-369, at 32 (1995). Considering the fact that the alleged violations took place prior to the filing of the Plaintiffs' bankruptcies and, in some instances nearly six years ago, Plaintiffs have had ample opportunity to investigate and identify the particular facts to

support their claims.    It is unreasonable to believe that an amended complaint would result in any different result.    As the court in *MCI World Com* stated in denying such a request, "the [Reform Act] mandates dismissal of 'any private action under this chapter…if the [pleading] requirements are not met.'"    191 F. Supp.2d at 794 (*quoting* 15 U.S.C. §§78u-4 (b) (3) (A)    In this instance, it is clear that the Plaintiffs intended to conduct a fishing expedition when they filed this suit with the hopes of finding facts to support their claims.    At this stage, any amended pleading would be futile as to Hess and would unnecessarily prolong this litigation against her.

## VII.    PLAINTIFFS' STATE LAW CLAIMS (COUNTS III, IV AND V) MUST BE DISMISSED FOR LACK OF JURISDICTION

If Counts I and II of the Complaint are dismissed, Defendant Hess request that all remaining state law claims raised by the Plaintiffs and pending before this Court solely due to supplemental or pendant jurisdiction to the federal securities law claims be dismissed pursuant to 11 U.S.C. 1367(c)(3).

## CONCLUSION

For the foregoing reasons, Plaintiffs' Complaint should be dismissed with prejudice, with no further opportunities to amend being granted.

Respectfully submitted,

*/s/ Albert H. Manwaring, IV*
Albert H. Manwaring, IV (Del. Bar No. 4339)
Thomas H. Kovach (Del. Bar No. 3964)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
P.O. Box 1709
Wilmington, DE  19899-1709
Telephone No.: (302) 777-6500
Facsimile No.: (302) 421-8390
manwaringa@pepperlaw.com
kovacht@pepperlaw.com

Of Counsel:

Lynn M. Brimer (P43291)
Dennis W. Loughlin (P57084)
George S. Fish (P51298)
STROBL & SHARP, P.C.
300 East Long Lake Road, Suite 200
Bloomfield Hills, MI  48304-2376
Telephone No.: (248) 540-2300
Facsimile No.: (248) 645-2690
lbrimer@stroblpc.com

Attorneys for Defendant Cynthia Hess