## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

COLLINS & AIKMAN CORPORATION and
COLLINS & AIKMAN PRODUCTS CO., as Debtors
in Possession,

                        Plaintiffs,

       vs.

DAVID A. STOCKMAN, et al.,

                       Defendants.

C.A. No. 07-265-SLR-LPS

## DEFENDANT CYNTHIA HESS' OPENING BRIEF IN SUPPORT OF HER MOTION TO DISMISS THE AMENDED COMPLAINT FOR FAILURE TO STATE CLAIMS UPON WHICH RELIEF CAN BE GRANTED

Of Counsel:

Lynn M. Brimer (P43291)
Dennis W. Loughlin (P57084)
George S. Fish (P51298)
STROBL & SHARP, P.C.
300 East Long Lake Road, Suite 200
Bloomfield Hills, MI 48304-2376
Telephone No.: (248) 540-2300
Facsimile No.: (248) 645-2690
lbrimer@stroblpc.com

Dated: April 28, 2008

Albert H. Manwaring, IV (Del. Bar No. 4339)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone No.: (302) 777-6500
Facsimile No.: (302) 421-8390
manwaringa@pepperlaw.com

*Attorneys for Defendant Cynthia Hess*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................... iii

STATEMENT OF ISSUES PRESENTED.................................................................. vii

INTRODUCTION....................................................................................................... 1

NATURE AND STAGE OF THE PROCEEDINGS .................................................. 1

SUMMARY OF ARGUMENT................................................................................... 2

FACTUAL ALLEGATIONS ...................................................................................... 4

ARGUMENT ............................................................................................................. 5


I.    LEGAL STANDARDS

      A.    PLAINTIFFS' AMENDED COMPLAINT SHOULD BE
            DISMISSED PURSUANT TO FED. R. CIV. P. 12(b)(6)..................... 5

      B.    THE HEIGHTENED PLEADING REQUIREMENTS OF
            FED. R. CIV. P. 9(b) AND THE REFORM ACT ................................ 6

II.   PLAINTIFFS HAVE FAILED TO PROPERLY PLEAD ANY VIOLATIONS
      OF THE SECURITIES EXCHANGE ACT BY HESS AND
      THEREFORE COUNTS I & II MUST BE DISMISSED ............................... 11

III.  PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR BREACH
      OF FIDUCIARY DUTY AGAINST HESS ...................................................... 18

      A.    PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR BREACH
            OF THE FIDUCIARY DUTY OF CARE............................................. 18

      B.    PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR BREACH
            OF THE FIDUCIARY DUTY OF LOYALTY...................................... 19

IV.   PLAINTIFFS HAVE FAILED TO STATE A CLAIM AGAINST
      HESS FOR UNJUST ENRICHMENT .......................................................... 22

V.    PLAINTIFFS HAVE FAILED TO STATE A CLAIM AGAINST
      HESS FOR COMMON LAW FRAUD ......................................................... 24

VI.   PLAINTIFFS' AMENDED COMPLAINT SHOULD BE DISMISSED
      WITH PREJUDICE ..................................................................................... 26

VII.  PLAINTIFFS' STATE LAW CLAIMS MUST BE DISMISSED FOR LACK
      OF JURISDICTION.......................................................................................27

CONCLUSION ...................................................................................................... 28

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Advanta Corp Sec. Litig,.* 180 F.3d 525, 534 (3d. Cir. 1999)..............................10
*Alpharma Inc. Sec. Litig.*, 372 F.3d 137, 149 (3d Cir. 2004) .............................10
*Arnold* v. *Soc'y for Sav. Bancorp, Inc.*, 650 A.2d 1270, 1273, 1286 (Del. 1994)..............19
*Astea International Inc. Secs. Litig.*, 2007 U.S.Dist. LEXIS 58238 (August 8, 2007, 3d. Cir.)...................................................................................................7
*Bakerman* v. *Sidney Frank Importing Co., Inc.*, No. Civ. A. 1844-N,  2006 WL 3927242, at \*18 (Del. Ch. Oct. 16, 2006) ..........................................................23
*Bakerman*, 2006 WL 3927242, at \*18 ..........................................................24
*Baxter Int'l, Inc. S'holders Litig., 654 A.2d 1268, 1270 (Del Ch. 1995)*..............19
*Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1995 (2007)....................................6
*Berckely Inv. Group, Ltd. v. Colkitt,* 455 F.3d 195, 222 (3d Cir. 2006) .............15
*Bio-Medical Sciences, Inc. v. Weinstein*, 407 F.Supp. 970, 973-74 (S.D.N.Y. 1976)......16
*Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410 (3d. Cir. 1997)....................8
*Calif. Public Employees' Retirement System v. The Chubb Corp.*, 394 F.3d 126, 144 (3rd Cir. 2004).................................................................................13
*Caremark Int'l Inc. Derivative Litig.*, 698 A.2d 959, 967 (Del. Ch. 1996) ...........21
*Chiarella v. United States*, 445 U.S. 222, 226; 100 S. Ct. 1108, 1113; 63 L.Ed.2d 348 (1980)..............................................................................................12
*Coffey v. Foamex, L.P.*, 2 F3d 157, 161-162 (6th Cir. 1993)..........................8
CTS Corp. v. Dynamics Corp. of Am., 481 U.S. 69, 107 (1987)........................18
*Digital Island Sec. Litig.*, 357 F.3d 322, 328 (3d Cir. 2004) ............................10
*Digital Island*, 357 F.3d at 332 ..................................................................11
*Dura Pharm. Inc.*, 544 U.S. at 342..............................................................15
*Dura Pharm., Inc., v. Broudo,* 544 U.S. 336, 341-42, 125 S. Ct. 1627, 161 L.Ed.2d 577 (2005)..............................................................................................11
*Exxon Mobil Corp. Sec. Litig.,* 500 F.3d 189, 1994095 (3d. Cir. 2007)...............17
*Fleer Corp. v. Topps Chewing Gum, Inc.*, 539 A.2d 1060, 1062 (Del. 1988) ..................23
*Gen. Elec. Co. v. Cathcart*, 980 F.2d 927, 933 (3d Cir. 1992) ...........................17
Gen. Motors Class E Stock Buyout Sec. Litig., 694 F. Supp. 1119, 1131 (D. Del. 1988) ...................................................................................................18
*General Motors v. New A.C. Chevrolet, Inc.*, 236 F,.3d 296, 333 (3d Cir. 2001) ..............5
*Globis Capital Partners, L.P. v. Stonepath Group, Inc.*, 2007 U.S. App LEXIS 16353 (July 10 2007)................................................................................11
*Jackson Nat'l Life Ins. Co.* v. *Kennedy*, 741 A.2d 377, 389 (Del. Ch. 1999)....................20
*Jackson*, 741 A.2d at 389 ..........................................................................20
*Jones v. Intelli-Check, Inc.*, 274 F.Supp.2d 615 (D. N.J. 2003) ..........................8
*Katz v. Household International, Inc.*, 36 F.3d 670, 675 (7th Cir. 1994)..............8
*Key Equity Investors Inc. v. Sel-Leb Marketing Inc. 2007 U.S. App LEXIS 21392 (September 6, 2007)*.........................................................................7
*Klein v. General Nutrition Cos., Inc.*, 186 F.3d 33, 345 (3rd Cir. 1999) ............14
*Lum v. Bank of America*, 361 F.3d 217, 223-24 (3d Cir. 2004)......................8, 25

*Malone* v. *Brincat*, 722 A.2d 5, 9 (Del. 1998) .........................................................................20
*Malpiede v. Townson*, 780 A.2d 1075, 1094-95 (Del. 2001) ..............................................18
*Malpiede*, 780 A.2d at 1092 ...............................................................................................18
*Malpiede*, 780 A.2d at 1094 ...............................................................................................19
*Malpiede*, 780 A.2d at 1094-95 ..........................................................................................19
*MCI World Com,* 191 F. Supp.2d at 794 ............................................................................27
*MetCap Sec. LLC* v. *Pearl Senior Care, Inc.*, C.A. No. 2129-VCN, 2007 WL 1498989, at
    *6, n. 50 (Del. Ch. May 16, 2007)...................................................................................23
*Metro Commc'n Corp. BVI* v. *Advanced Mobilecomm Techs. Inc.*, 854 A.2d 121,156-57
    (Del. Ch. 2004)................................................................................................................20
*Metro Commc'n Corp. BVI* v. *Advanced Mobilecomm Techs. Inc.*, 854 A.2d 121,157-58
    (Del. Ch. 2004)................................................................................................................20
*Metro Commc'n*, 854 A.2d at 158 ........................................................................................20
*Mills v. Elec. Auto-Lite Co.,* 396 U.S. 375 (1970) ..............................................................16
*NAHC Sec. Litig.*, 306 F.3d 1314, 1369 (3d Cir. 202)........................................................13
Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1831 (1989) ................................5
*Nutt v. A.C.&S., Inc.,* 466 A.2d 18, 23 (1983).....................................................................25
*Official Committee of Unsecured Creditors v. R.F. Lafferty & Co.*, 276 F.3d 340 (3d Cir.
    2001)................................................................................................................................16
*Phillips v. County of Allegheny*, 515 F.3d 224, 230-31 (3d Cir. 2007) ................................6
*Rochelle v. Marine Midland Grace Trust,* 535 F.2d 523, 529(9th Cir. 1976).....................16
*Rockefeller Ctr. Props. Secs Litig.,* 311 F.3d 197, 217 (3d Cir. 2002) ................................7
*Rockefeller Ctr. Props. Secs Litig.,* 311 F.3d at 217 ...........................................................9
*Rockefeller Ctr. Props., Inc. Sec. Litig.,* 311 F.3d 198, 215-16 (3d Cir. 2002).................21
*Rockefeller Ctr.,* 311 F.3d at 215 .........................................................................................8
*Rockefeller Ctr.,* 311 F.3d at 218 .......................................................................................14
*Rockefeller Ctr.,* 311 F.3d at 224 .........................................................................................9
*Schock* v. *Nash*, 732 A.2d 217, 232 (Del. 1999).................................................................23
*Sears v. Likens*, 912 F.2d 889, 893 (7th Cir. 1990)..............................................................6
*Sears,* 912 F.2d at 892-893..................................................................................................14
*Seitz v. Detweiler, Hershey and Associated, P.C. (In re: Citx Corp., Inc.)*, 448 F.2d 672,
    677 (3d Cir. 2006)............................................................................................................16
*Semerenko v. Cendant Corp.*, 223 F.3d 165, 184-86 (3d Cir. 2000) .................................15
*Shields v. City Trust Bank Corp., Inc.* 25 F.3d 1124, 1127-1128 (2nd Cir. 1994) ..............8
*Shurkin v. Golden State Vintners, Inc.*, 2005 WL 1926620 (N.D. Cal. Aug. 10, 2005)....19
*Stephenson v. Capano Dev. Inc.*, 462 A.2d 1069, 1074 (Del. 1983). ................................25
*Stone v. Ritter*, 911 A.2d 362, 370 (Del. 2006)....................................................................21
*Suprema Specialties, 438 F.3d 256, 270 (3d Cir. 2006)* .......................................................7
*Suprema Specialties, Inc. Sec. Litig.,* 438 F.3d 256, 275 (3d Cir. 2006)..........................11
*Suprema Specialties, Inc., 348 F. 3d at 275* .......................................................................13
*Tellabs* ...................................................................................................................................10
*Tellabs,* 127 S. Ct. at 2499...................................................................................................10
*Tellabs,* 127 S. Ct. at 2507....................................................................................................9
*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2507, 168 L. Ed. 2d 179
    (2007)................................................................................................................................6
*Tellabs, Inc.*, 127 S. Ct. at 2511 .........................................................................................14

*Total Care Physicians, P.A. v. O'Hara*, 798 A.2d 1043, 1056 (Del. Super. 2001) ..........23
*Total Care Physicians, P.A. v. O'Hara*, No. Civ. A. 99C-11-201-JRS, 2002 WL
    31667901, at *10 (Del. Super. Oct. 29, 2002)......................................................24
*Total Care Physicians, P.A.*, 798 A.2d at 1056.........................................................23
*Trenwick Am. Litig. Trust v. Ernst & Young, L.L.P.*, 906 A.2d 168, 207-08 (Del. Ch.
    2006) ....................................................................................................................25
*Trenwick*, 906 A.2d at 211-12..................................................................................26
*United States v. Mississippi*, 380 U.S. 128, 85 S.Ct. 808 (1965)...............................5
*Viacom, Inc. v. Harbridge Merchant Serves., Inc.*, 20 F.3d 771, 777 (7th Cir. 1994) ........7
*Virginia Bankshares v. Sandberg*, 501 U.S. 1083 (1991) .........................................16
*WM High Yield Fund v. Michael A. O'Hanlon*, 2005 U.S. Dist. LEXIS 12064 (E.D. PA,
    May 16, 2005).......................................................................................................14
*York Linings* v. *Roach*, No. 16622-NC, 1999 WL 608850, at *3 (Del. Ch. July 28, 1999)
    .............................................................................................................................22
*Zirn* v. *VLI Corp.*, 681 A.2d 1050, 1062 (Del. 1996).................................................20
*Zirn*, 681 A.2d at 1062.............................................................................................20

**Statutes**
11 U.S.C. § 1367(c)(3).................................................................................................3
11 U.S.C. §362...........................................................................................................17
11 U.S.C. 1367(c)(3)..................................................................................................27
15 U.S.C. § 78u-4(b) (2).............................................................................................10
15 U.S.C. §§78u-4 (b) (3) (A).....................................................................................27
15 U.S.C. ¶ 78u-4(b)(1) .............................................................................................11

**Other Authorities**
§ 14(a)..........................................................................................................................3
102(b)(7)....................................................................................................................22
17 C.F.R. § 240.10(b)-5 .............................................................................................12
H.R. Conf. Rep. No. 104-369, at 32 (1995) ...............................................................26
Reform Act .................................................................................................................14
Rule 10b-5.......................................................................................................2, 11, 24
Rule 14a-9..............................................................................................................2, 3
Section 10(b) and Section 14(a) of the Securities Exchange Act ................................6
Section 10(b) of the Securities Exchange Act...............................................................2
Section 102(b) of the Delaware General Corporation Law ..........................................19
Section 102(b)(7) .......................................................................................................19
Section 14(1) ..............................................................................................................16
Section 14(a) .........................................................................................................16, 17
Section 14(a) of the Securities Exchange Act...............................................................2
Section 14a .................................................................................................................13
Section 78u-4(b)(1)......................................................................................................9
Sections 10(b) and 14(a) ...........................................................................................11

**Rules**
**Fed. R. Civ. P. 12(b)(6)** ......................................................................................5, 11
**Fed. R. Civ. P. 9(b)** ...........................................................................................6, 25
Fed. R. Civ. P. 9(b) and 12(b)(6)................................................................................2

Fed.R.Civ.P. 12(b)(6) ...............................................................................................3

Fed.R.Civ.P. 9(b ....................................................................................................3

Rule 10(b)-5 ...........................................................................................................12

Rule 10b-5) ...........................................................................................................16

Rule 12(b)(6).................................................................................................9, 18, 22

Rule 9(b).........................................................................................................passim

Section 10(b) ..........................................................................................2, 11, 12, 16

## STATEMENT OF ISSUES PRESENTED

I.    Whether the Court should dismiss Count I and II of the Plaintiffs' Amended Complaint as to Defendant Cynthia Hess ("Hess") alleging violations of the Securities Exchange Act of 1934 (the "Securities Exchange Act"), 15 U.S.C. § 78(t)a, et seq., where Plaintiffs have not alleged, and cannot allege with the required particularity of Fed. R. Civ. P. 9(b) and the Private Securities Litigation Reform Act (the "Reform Act"), 15 U.S.C. § 78u-4(b)(2) that Defendant Hess engaged in conduct that violated said Act?

    Defendant answers "Yes."

2.    Whether the Court should dismiss the state law claims in the Plaintiffs' Amended Complaint as to Hess for lack of jurisdiction pursuant to 11 U.S.C. 1367(c)(3)?

    Defendants answer "Yes."

3.    Whether the Amended Complaint should be dismissed with prejudice because further amendment would be futile and frustrate the purpose of the PSLRA?

    Defendant answers "Yes."

## INTRODUCTION

Plaintiffs Collins & Aikman Corporation and Collins & Aikman Products Co. (collectively "Plaintiffs"), filed an Amended Complaint against multiple defendants, including Defendant Cynthia Hess ("Hess") seeking recovery for various securities fraud and state law claims.  Plaintiffs are Tier One manufacturers and suppliers of component parts to the automotive industry.  On May 17, 2005, Plaintiffs filed for relief under Chapter 11 of the U.S. Bankruptcy Code.  Plaintiffs operated as debtors-in-possession until their Plan of Reorganization was confirmed.

Plaintiffs have relied on the "group pleading" method to allege violations of various provisions of the Securities and Exchange Act of 1934 ("Securities Act") and for recovery under several state law causes of action against, among others, several of their former officers and directors.  Plaintiffs make absolutely no factual allegations against Defendant Hess in support of their claims.  Despite having years to conduct their investigation and to uncover wrongful acts by the individual officers and directors, the Amended Complaint completely fails to identify any particularized pleading or factual allegation against Hess necessary to maintain their claims against her.  Plaintiffs rely solely on their general group pleading allegations of fraud, recklessness and negligence to support their claims for personal liability against Hess.

## NATURE AND STAGE OF THE PROCEEDINGS

On May 16, 2006, Plaintiffs, as Debtors-in-Possession in a Chapter 11 proceeding pending in the Bankruptcy Court for the Eastern District of Michigan, filed this action.  Each of the Defendants filed a Motion to Dismiss the Complaint.  In response, the Plaintiffs filed the instant Amended Complaint.  The Amended Complaint

1

seeks recovery against Defendant Hess for violations of Section 10(b) of the Securities Exchange Act and Rule 10b-5 promulgated thereunder, Section 14(a) of the Securities Exchange Act and Rule 14a-9 promulgated thereunder and for common law claims of breach of fiduciary duties, unjust enrichment and common law fraud.  The Amended Complaint fails to cure any of the defects present in the original Complaint with respect to Hess.  Consequently, Hess hereby moves that the Amended Complaint be dismissed as to her for Plaintiffs' failure to state a claim upon which relief may be granted and for failure to meet their pleading burdens with respect to their allegations of fraud.  Fed. R. Civ. P. 9(b) and 12(b)(6).

## SUMMARY OF ARGUMENT

1.    Plaintiffs' claim under Section 10(b) and Rule 10b-5 should be dismissed due to Plaintiffs' failure to allege any violations by Hess.  Plaintiffs have made no specific allegation with respect to Ms. Hess and have relied solely upon "group pleading" to make out their claims against Hess.  "Group pleading" is not sufficient to meet Plaintiffs' burden with respect to the elements of their claim under §10(b) and Rule 10b-5 as follows:

a.    Plaintiffs have failed to establish the initial hurdle of their claim against Hess by failing to allege any material misrepresentation or omission by Hess.

b.    Plaintiffs have failed to plead reliance with respect to a false or omitted statement made by Hess.

c.    Plaintiffs have failed to adequately allege any facts that would demonstrate the scienter Plaintiffs are required to establish.

d.    Plaintiffs have not alleged that they suffered economic loss and a causal connection between that loss and a misrepresentation or omission by Hess.

Consequently, Plaintiffs have failed to meet their pleading burden under Fed.R.Civ.P. 9(b) and have therefore failed to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6).

2.    Plaintiffs' claim under § 14(a) and Rule 14a-9 are subject to the same pleading requirements as their § 10(b) claim. Plaintiffs have failed to allege with any particularity any material misstatement or omission by Hess nor have they asserted the necessary intent or causal connection required to establish a claim under § 14(a).

3.    Plaintiffs' state law claims should be dismissed for lack of jurisdiction under 11 U.S.C. § 1367(c)(3).

4.    The Director Defendants are exempt from the Plaintiffs' claims for breach of the duty of care under the Company's charter exculpation clause pursuant to 8 *Del. C.* § 102(b)(7). Plaintiffs have failed to allege facts sufficient to establish that Hess breached a fiduciary duty of loyalty or other exception to exculpation under 8 *Del. C.* § 102(b)(7).

5.    Because Plaintiffs have failed to allege any benefit or enrichment to Hess, a relation between enrichment and impoverishment, and an inadequate remedy at law, their claim for unjust enrichment fails to state a claim against Hess.

6.    As with the federal claims for fraud, Plaintiffs' claims for common law fraud must be dismissed because Plaintiffs have failed to state any allegations against Hess with the required specificity.

## FACTUAL ALLEGATIONS

Plaintiffs' Amended Complaint is completely void of any factual allegations against Hess that constitute violations of the Securities Acts or that support their state law claims.  Not a single bad act, improper motive, or act of recklessness or negligence is attributed to Hess.  Plaintiffs did not add any allegations regarding Hess in their Amended Complaint.

Plaintiffs' Amended Complaint asserts that collectively the Defendants employed a series of "fraudulent schemes, designed to artificially inflate the Company's reported financial results, avoid triggering debt covenants and enabled Collins & Aikman to borrow additional funds."  (Amended Complaint, ¶ 39).  The Amended Complaint contains 245 rambling paragraphs asserting allegations of wrongdoing by a limited number of specific Defendants.  The Plaintiffs imply that certain of the Defendants, along with the outside auditors, engaged in practices, such as "round-trip" transactions and fraudulent rebate schemes with various customers, that coupled with improper accounting practices resulted in falsely positive financial statements.  Further, that as a result of the misleading financial statements, the Plaintiffs were able to raise money from public and private sources that they otherwise would not have been able to secure.  (Amended Complaint, ¶¶ 53–93).  Further, in a rambling series of paragraphs, the Amended Complaint alleges improprieties in internal and outside audits conducted by the audit committee and the outside auditors.  (Amended Complaint, ¶¶ 95–180).  But, not a single paragraph contains an allegation of wrongdoing with respect to Hess.

## ARGUMENT

### I.    LEGAL STANDARDS

#### A.    Plaintiffs' Amended Complaint Should be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6).

Based on its pleading deficiencies, Plaintiffs' Amended Complaint should be dismissed for failure to state a claim for which relief can be granted with respect to Hess pursuant to Fed.R.Civ.P. 12(b)(6).  A court should dismiss a claim under Rule 12(b)(6) when it determines that "no relief could be granted under any set of facts that could be proved consistent with the allegations." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 1831 (1989).  Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law. *Id.*  "Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously unsupportable." *Id.*  A "Claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailable one," if the court determines that as a matter of law, the claimant cannot prove facts sufficient to obtain a recovery.

In determining whether a claim should be dismissed for failure to state a claim under Rule 12(b)(6), all factual allegations must be taken as true. *United States v. Mississippi*, 380 U.S. 128, 85 S.Ct. 808 (1965).  Courts are not, however, required to admit unsubstantiated facts and mere conclusory allegations as true. *See General Motors v. New A.C. Chevrolet, Inc.*, 236 F,.3d 296, 333 (3d Cir. 2001).  Moreover, the Supreme Court has recently rejected the proposition that a complaint may not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Phillips v. County of Allegheny*,

515 F.3d 224, 230-31 (3d Cir. 2007)(citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1995 (2007)).    Moreover, "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S.Ct. at 1964-65.

**B.    The Heightened Pleading Requirements of Fed. R. Civ. P. 9(b) And The Reform Act**

**1.    Rule 9(b)**

It is well established that Rule 9(b) applies to claims brought under Section 10(b) and Section 14(a) of the Securities Exchange Act.  *See, e.g., Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2507, 168 L. Ed. 2d 179 (2007) ("Prior to the enactment of the PSLRA, the sufficiency of a complaint for securities fraud was governed not by Rule 8, but by the heightened pleading standard set forth in Rule 9(b)."). Rule 9(b) requires that the circumstances constituting fraud must be stated with particularity.  Specifically, under Rule 9(b):

> In all averments of fraud or mistake, **the circumstances constituting fraud or mistake shall be stated with particularity**.    Malice, intent, knowledge, and other conditions of mind of a person may be averred generally. [Emphasis added.]

Compliance with Rule 9(b) is reviewed as to each of the elements of the plaintiff's claim of fraud in a complaint and as to each of the named defendants because each defendant must be informed of the specific nature of his alleged participation.  *See Sears v. Likens*, 912 F.2d 889, 893 (7th Cir. 1990) (holding that Rule 9(b) is not satisfied if a complainant groups defendants together without specifying which defendant was

involved in which fraudulent activity).   As such, the pleading must be sufficiently particular to serve the three goals of Rule 9(b) which are:

> (1)   to provide a defendant with fair notice of the claims against him;
>
> (2)   to protect a defendant from harm to his reputation or good will by unfounded allegations of fraud; and
>
> (3)   to reduce the number of frivolous suits brought to extract settlement.

*Key Equity Investors Inc. v. Sel-Leb Marketing Inc., 2007 U.S. App LEXIS 21392 (September 6, 2007)(citing In re Suprema Specialties, 438 F.3d 256, 270 (3d Cir. 2006)); see also Viacom, Inc. v. Harbridge Merchant Serves., Inc.*, 20 F.3d 771, 777 (7th Cir. 1994)).

The Third Circuit has specifically stated that "Rule 9(b) requires, at a minimum, that plaintiffs support their allegations of securities fraud with all of the essential factual background that would accompany 'the first paragraph of any newspaper story' – that is, the 'who, what, when, where and how' of the events at issue."   *In re Astea International Inc. Secs. Litig.*, 2007 U.S.Dist. LEXIS 58238 (August 8, 2007, 3d. Cir.) (citing *In re Rockefeller Ctr. Props. Secs Litig.,* 311 F.3d 197, 217 (3d Cir. 2002)).   Therefore, to satisfy Rule 9(b), in a securities fraud case, a plaintiff must allege:

> 1)   the time, place and content of the alleged misrepresentation;
>
> 2)   the identity of the party making the alleged misrepresentation,
>
> 3)   the fraudulent scheme;
>
> 4)   the fraudulent intent of the defendant; and
>
> 5)   the injury resulting from the fraud.

See, e.g., Coffey v. Foamex, L.P., 2 F3d 157, 161-162 (6th Cir. 1993); Katz v. Household International, Inc., 36 F.3d 670, 675 (7th Cir. 1994) (fraud allegations failed to identify any instance of fraudulent statements allegedly made by defendant); Shields v. City Trust Bank Corp., Inc. 25 F.3d 1124, 1127-1128 (2nd Cir. 1994) (securities fraud allegations must specify (1) alleged fraudulent statements, (2) identity of speaker, (3) place where statements made, (4) explanation of why such statements are fraudulent).

Plaintiffs may assert that the pleading requirements of Rule 9(b) may be relaxed where information is only in the opposing party's possession. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410 (3d. Cir. 1997). However, under such circumstances, the plaintiff must identify, where possible, the roles of the individual defendants in the misrepresentations. See Lum v. Bank of America, 361 F.3d 217, 223-24 (3d Cir. 2004); Rockefeller Ctr., 311 F.3d at 215.  Moreover, "in order to obtain the benefit of this relaxed standard in the Third Circuit, plaintiffs must plead that the information missing from their complaint is in the exclusive control of defendants, and must also plead the extent of their efforts to obtain the missing information prior to filing their complaint." Jones v. Intelli-Check, Inc., 274 F.Supp.2d 615 (D. N.J. 2003); see also Rockefeller Ctr., 311 F.3d at 215.

In the instant matter, Plaintiffs have as much, if not more, access to the information regarding the alleged securities fraud. This is not the typical case where the plaintiffs are investors with no access to the corporate records of the corporation at the center of the allege fraud.  Rather, the records that would contain the information regarding the alleged fraud are the records of the Plaintiffs themselves.  Plaintiffs have had years to investigate their records, identify the speaker(s) of the alleged

misrepresentation(s) and determine the specific economic loss resulting from the misrepresentation. Plaintiffs have not even pled the role that each individual Defendant allegedly played in the various schemes upon which they base their Amended Complaint. Consequently, the Plaintiffs in this case cannot rely upon the relaxed standards and are not relieved from Rule 9(b)'s requirements.

### 2.    The Reform Act

Congress established heightened pleading standards for securities fraud litigation when it enacted the Reform Act. The Supreme Court recently noted that,

> Setting a uniform pleading standard for § 10(b) actions was among Congress' objectives when it enacted the PSLRA. Designed to curb perceived abuses of the § 10(b) private action – "nuisance filings, targeting of deep-pocket defendants, vexatious discovery request and manipulation by class actions lawyers."

*Tellabs,* 127 S. Ct. at 2507. The Third Circuit has noted that "the importance of the Reform Act . . . is that the heightened pleading requirement of Section 78u-4(b)(1) imposes another layer of factual particularity to allegations of securities fraud." *In re Rockefeller Ctr. Props. Secs Litig.,* 311 F.3d at 217.

Under the Reform Act, Plaintiffs have traditionally not been entitled to the standard inferences of traditional Rule 12(b)(6) reviews. In other words, "unless plaintiffs in securities fraud actions allege facts supporting their contentions of fraud with the requisite particularity mandated by Rule 9(b) and the Reform Act, they may not benefit from the inferences flowing from vague or unspecific allegations – inferences that may arguably have been justified under a traditional Rule 12(b)(6) analysis." *Rockefeller Ctr.,* 311 F.3d at 224. Therefore, inferences in pleadings of a defendant's

alleged scienter will not survive if they are not adequately pled with the particularity requirements of Rule 9(b).  In *Tellabs,* the Supreme Court noted that "Congress did not merely require plaintiffs to 'provide a factual basis for [their] scienter allegations,' to allege facts from which an inference of scienter rationally *could* be drawn.   Instead, Congress required plaintiffs to plead with particularity facts that give rise to a "strong" – i.e., a powerful or cogent – inference."  *Tellabs,* 127 S. Ct. at 2499.

In *In re Alpharma Inc. Sec. Litig.*, 372 F.3d 137, 149 (3d. Cir. 2004), the Third Circuit stated that "Plaintiffs pleading scienter through motive and opportunity must support their allegations with 'facts stated with particularity' that 'give rise to a strong inference of scienter.'"  15 U.S.C. § 78u-4(b) (2)).  The Third Circuit has established a two-pronged standard for determining whether a complaint has started a "strong inference" of scienter by pleading facts to demonstrate that (1) defendant had both motive and opportunity to commit the fraud or (2) that constitute circumstantial evidence of either reckless or conscious behavior.  *In re Digital Island Sec. Litig.*, 357 F.3d 322, 328 (3d Cir. 2004).

In order to establish a strong inference of scienter under the Third Circuit approach, plaintiffs must plead facts supporting their claim with particularity.  Plaintiffs cannot merely make general allegations of motive and opportunity or reckless or conscious behavior, but must support their claims with factual allegations.  "Catch-all allegations that defendants stood to benefit from wrongdoing and had the opportunity to implement a fraudulent scheme are no longer sufficient." *In re Advanta Corp Sec. Litig,.* 180 F.3d 525, 534 (3d. Cir. 1999).  The plaintiff must allege specific personal benefit

running to the particular defendant and identify the facts that support the opportunity to obtain that benefit.

Likewise, to rely on the recklessness or conscious behavior standard to establish the "strong inference" of scienter, the plaintiffs must meet plead facts with particularity. To plead scienter through recklessness requires something more than "claims essentially grounded on corporate mismanagement." *See Globis Capital Partners, L.P. v. Stonepath Group, Inc.*, 2007 U.S. App LEXIS 16353 (July 10 2007)(citing *Digital Island*, 357 F.3d at 332).

## II.    PLAINTIFFS HAVE FAILED TO PROPERLY PLEAD ANY VIOLATIONS OF THE SECURITIES EXCHANGE ACT BY HESS AND THEREFORE COUNTS I & II MUST BE DISMISSED.

In order to state a claim under Rule 10b-5 and Section 10(b) for securities fraud, a plaintiff must allege: (1) a material misrepresentation or omission; (2) scienter; (3) a connection with the purchase or sale of a security; (4) reliance; (5) economic loss; and (6) loss causation. *Dura Pharm., Inc., v. Broudo,* 544 U.S. 336, 341-42, 125 S. Ct. 1627, 161 L.Ed.2d 577 (2005); *In re Suprema Specialties, Inc. Sec. Litig.,* 438 F.3d 256, 275 (3d Cir. 2006).   The Plaintiffs' Amended Complaint fails to contain even a single allegation of any of the elements of their case with respect to Hess.   Since the well-pleaded allegations fail to adequately state a claim for relief against Hess, the Amended Complaint must be dismissed as to her. Fed. R. Civ. P. 12(b)(6).  As to Plaintiffs' claims for violations of Sections 10(b) and 14(a) of the Securities and Exchange Act, Plaintiffs do not even meet their initial hurdle of alleging an untrue statement or omission of material fact with respect to Hess. *See* 15 U.S.C. ¶ 78u-4(b)(1).  In carefully reviewing the Amended Complaint, it is impossible to determine, based on the Plaintiffs' complete

failure to attribute any misstatement or omission to Hess, the claims that have been raised against her.

Section 10(b) of the Securities Exchange Act makes it unlawful to use or employ, in connection with the purchase or sale of securities, any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [Securities and Exchange] Commission may prescribe…." *Chiarella v. United States*, 445 U.S. 222, 226; 100 S. Ct. 1108, 1113; 63 L.Ed.2d 348 (1980). Pursuant to Section 10(b), the SEC adopted Rule 10(b)-5 which makes it unlawful, in connection with the purchase or sale of any security:

  (a)   to employ any device, scheme, artifice to defraud;

  (b)   to make any untrue statement of material fact or to omit to state a material fact necessary in order to make statements made, in light of the circumstances under which they were made, not misleading, or

  (c)   to engage in act, practice, or course of business which operates, or would operate, as a fraud or deceit upon any person.

17 C.F.R. § 240.10(b)-5.

In order to state a claim for securities fraud in violation of Section 10(b) and Rule 10(b)-5 the following elements must be alleged against the defendant with the specificity required by Rule 9(b) and the Reform Act:

  (1) a misstatement or omission of a material fact;

  (2) made with scienter;

  (3) a connection with the purchase or sale of a security,

  (4) justifiably relied upon by plaintiff, which

  (5) economic loss; and

  (6) loss causation, i.e., a connection between the misrepresentation and the loss.

*In re Suprema Specialties, Inc., 348 F. 3d at 275.*

Similarly, Section 14a proscribes conduct with respect to the issuance of proxy statements.  Section 14a makes it unlawful:

> for any person, by the use of the mails or by any means or instrumentality of interstate commerce or of any facility of a national securities exchange or otherwise, in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors, to solicit or to permit the use of his name to solicit any proxy or consent or authorization in respect of any security (other than an exempted security) registered pursuant to Section 12 of this title.

Essentially, Rule 14a-9, promulgated under Section 14a, prohibits a solicitation by means of a proxy statement, which contains "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading."  The Third Circuit has noted that a plaintiff's "section 14(a) claims must meet the PSLRA particularity requirements because they are grounded in fraud." *Calif. Public Employees' Retirement System v. The Chubb Corp.*, 394 F.3d 126, 144 (3rd Cir. 2004)(citing *NAHC Sec. Litig.*, 306 F.3d 1314, 1369 (3d Cir. 202).

Plaintiffs have failed to even minimally meet the requirements of Rule 9(b) and the Reform Act with respect to Hess in either Counts I or Count II of the Amended Complaint.  Relying on "group pleading," Plaintiffs have lumped Hess into Counts I and II and have not made a single specific allegation of a misstatement or omission and have set forth no facts that would give rise to a strong inference of scienter. *See, e.g., WM High Yield Fund v. Michael A. O'Hanlon*, 2005 U.S. Dist. LEXIS 12064 (E.D. PA,

May 16, 2005). The Reform Act and Rule 9(b) simply do not permit plaintiffs to merely lump defendants together when alleging fraudulent actions. In *Klein v. General Nutrition Cos., Inc.*, 186 F.3d 33, 345 (3rd Cir. 1999), the Third Circuit noted that Rule 9(b) "requires, at a minimum, that the plaintiff identify the speaker of the allegedly fraudulent statements." *See also Rockefeller Ctr.*, 311 F.3d at 218; *Sears,* 912 F.2d at 892-893 (court held that plaintiffs failed to meet particularity pleading requirements for a securities act claim when complaint contained no details concerning who was involved in alleged fraud or how fraud was perpetrated). Consequently, Plaintiffs' vague and insufficient references, which do not attribute any specific statements or omissions to Hess, are inadequate under Rule 9(b).

Not only have the Plaintiffs failed to meet the requirements of Rule 9(b) with respect to Hess, they have grossly failed to satisfy the heightened pleading requirements of the Reform Act. With no particular allegations involving Hess, the Plaintiffs have completely failed to even allege scienter, let alone to meet the pleading burden with respect to scienter. In a post Reform Act securities fraud case, the facts, as pled, must show a strong inference of scienter. To properly plead a securities fraud claim, "plaintiffs must 'state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind.'" *Tellabs, Inc.*, 127 S. Ct. at 2511.

Applying the Third Circuit test for determining if the allegations are sufficient to give rise to a strong inference of scienter against Hess, it is clear that Plaintiffs' Amended Complaint is grossly deficient. Not a single allegation has been made that is attributed to Hess regarding motive, opportunity or recklessness. The Amended Complaint contains not a single allegation of scienter as required by the Reform Act and

the Third Circuit.  Even with the benefit of the motion to dismiss the original Complaint, the Plaintiffs have done nothing more than lump together the Defendants and to string together facts without identifying which allegations apply to which Defendant and why such facts give rise to the requisite scienter.  Clearly, this is exactly the type of fishing expedition pleading prohibited by the Reform Act.  Coupled with Plaintiffs' complete failure to attribute any misrepresentation or omission to Hess, their inability to plead scienter necessitates the dismissal of Count I and II of the Complaint.

Moreover, Plaintiffs have failed to adequately plead loss causation.  Plaintiffs pursuing a 10b-5 cause of action must plead a loss caused by the alleged misrepresentation.  *See Dura Pharm. Inc.*, 544 U.S. at 342; *Berckely Inv. Group, Ltd. v. Colkitt,* 455 F.3d 195, 222 (3d Cir. 2006).  The Plaintiffs must allege that the loss complained of resulted directly from the misrepresentation made by a particular Defendant.

In the instant case, Plaintiffs are the corporate entities that sold stock at arguably inflated prices and obtained financing at times when it was otherwise not eligible for the extension of credit.  (See Amended Complaint, ¶ 93).  It is simply illogical to assert that the issuance of stock would give rise to a claim under 10(b) on behalf of the corporation for the sale of its own stock at an inflated value.  Typical damages in a 10(b) claim are the out-of-pocket losses, calculated as the difference between the purchase price of the security and the actual value of the security at the time of the sale.  *See Semerenko v. Cendant Corp.*, 223 F.3d 165, 184-86 (3d Cir. 2000).  There is simply no injury to the company that flows directly from and is caused by misrepresentations which result in sales of its stock at an overstated selling price. *See, e.g., Rochelle v. Marine Midland*

*Grace Trust,* 535 F.2d 523, 529(9th Cir. 1976)(a plaintiff who suffers no loss from the repurchase of its debentures at a discount, even when there has been misconduct in connection with the acquisitions, has no claims under Section 10(b) or Rule 10b-5); *Bio-Medical Sciences, Inc. v. Weinstein,* 407 F.Supp. 970, 973-74 (S.D.N.Y. 1976).

Moreover, Plaintiffs cannot base their loss causation on a "deepening insolvency" theory.   In their Amended Complaint, Plaintiffs attempt to disguise their "deepening insolvency" claim by avoiding the use of that phase, which was used repeatedly in the original Complaint.  (*See* Amended Complaint, ¶¶39, 71, 89, 93, 107, 142, 172, 177, 184, 195, 197 and 204.).  "Deepening insolvency has been defined by the Third Circuit as "an injury to [a debtor's] corporate property from the fraudulent expansion of corporate debt and prolongation of corporate life." *Seitz v. Detweiler, Hershey and Associated, P.C. (In re: Citx Corp., Inc.),* 448 F.2d 672, 677 (3d Cir. 2006) (quoting *Official Committee of Unsecured Creditors v. R.F. Lafferty & Co.,* 276 F.3d 340 (3d Cir. 2001)).  The Third Circuit has clearly held that the "deepening of a firm's insolvency is not an independent form of corporate damage." *Citx,* 445 F.3d at 678.  Consequently, the loss Plaintiffs assert relative to the acquisition of additional debt is simply not actionable in this matter.

With respect to Plaintiff's Section 14(a) claim, they must allege that the proxy statement itself and not the defect in the solicitation, was the essential link in the accomplishment of the transaction.  See *Virginia Bankshares v. Sandberg*, 501 U.S. 1083 (1991); *Mills v. Elec. Auto-Lite Co.,* 396 U.S. 375 (1970).  To prevail on their Section 14(1) claim, the Plaintiffs must allege that (1) the votes for a specific corporate transaction requiring shareholder authorization, such as a corporate merger, are

obtained by a false proxy statement and that (2) the transaction was the direct cause of the pecuniary injury for which recovery is sought. *Gen. Elec. Co. v. Cathcart*, 980 F.2d 927, 933 (3d Cir. 1992). General allegations that "omissions in proxy material, by permitting directors to win re-election, *indirectly* lead to financial loss through mismanagement will not create a sufficient nexus with the alleged monetary loss." *Id*. (emphasis in original). Here, the Plaintiffs do not assert that the proxy statements at issue even addressed the transactions upon which they base their claims. Rather, they state that "[i]n each of the Proxy Statements, Collins & Aikman sought shareholder approval for, among other things, the election of directors, employee stock option plans and compensation policies. (Amended Complaint, ¶ 94)  Surely, if the transactions at issue had been raised in the proxy statements, Plaintiffs would have clearly stated that in their Amended Complaint. Accordingly, Plaintiffs have completely failed to allege a loss and causation sufficient to support their claims under Section 14(a).

Finally, the applicable statute of limitations bars Plaintiffs claims based on the 2002 Proxy Statement. The statute of limitation for claims based on Section 14(a) is one year from the date of discovery and no more than three years from the date of issuance. *See In re: Exxon Mobil Corp. Sec. Litig.*, 500 F.3d 189, 199 (3d. Cir. 2007). The 2002 proxy statement was filed on April 25, 2002. The three year statute of limitations expired no later than April 25, 2005. The Plaintiffs' bankruptcy filing occurred on May 17, 2005, 22 days after the expiration of the statute of limitations for the 2002 proxy statement. Therefore, the automatic stay under the Bankruptcy Code does operate to toll the statute of limitations for the 2002 proxy statement. 11 U.S.C. §362.

III.    **PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR BREACH OF FIDUCIARY DUTY AGAINST HESS**

Plaintiffs assert that a claim for breach of fiduciary duties against the Director and Officer Defendants in Count III of the Amended Complaint.  Under the internal affairs doctrine, legal relations between a corporation and its stockholders, directors, and officers, including an action by the company against a director, arising out of his or her director service, are governed by the law of the state of incorporation. *Banjo Buddies, Inc. v. Renosky*, 399 F.3d 168, 179 (3d Cir. 2005).  Accordingly, because the Company is incorporated in the State of Delaware, Delaware law applies to the Plaintiffs' state law claims for breach of fiduciary duties, unjust enrichment, and common law fraud against the Director and Officer Defendants. *In re Gen. Motors Class E Stock Buyout Sec. Litig.*, 694 F. Supp. 1119, 1131 (D. Del. 1988) (citing *CTS Corp. v. Dynamics Corp. of Am.*, 481 U.S. 69, 107 (1987)).

A.    **Plaintiffs Have Failed To State a Claim for Breach of the Fiduciary Duty of Care**

The Director Defendants are exempt from the Plaintiffs' claims for breach of the duty of care.  Pursuant to 8 *Del. C.* § 102(b)(7), a corporation may eliminate director liability for claims of breach of the fiduciary duty of care.  Exculpation by a company of its directors pursuant to 8 *Del. C.* § 102(b)(7) bars the duty of care claims against the Director Defendants.[1] *Malpiede v. Townson*, 780 A.2d 1075, 1094-95 (Del. 2001).  Hence, except for breach of the duty of loyalty, for bad-faith acts or omissions, or for acts involving intentional misconduct, directors are shielded from personal liability for breaches of their fiduciary duties. *Arnold* v. *Soc'y for Sav. Bancorp, Inc.*, 650 A.2d

---

[1] The Delaware Supreme Court has ruled that a defense based on the existence of a Section 102(b)(7) charter provision "may be raised on a Rule 12(b)(6) motion to dismiss." *Malpiede*, 780 A.2d at 1092.

1270, 1273, 1286 (Del. 1994) (rejecting breach of fiduciary duty claims based on alleged omissions or misrepresentations in the company's proxy statements).

Here, the Company's Restated Certificate of Incorporation, which was adopted pursuant to Section 102(b) of the Delaware General Corporation Law, expressly exempts the Company's Directors from breaches of fiduciary duty to the fullest extent possible under the Delaware General Corporation Law ("DGCL"). (Restated Certificate of Incorporation of Collins & Aikman Corp., Art. Eighth, pp. 25-26, attached as Exhibit B to Declaration of Robert S. Saunders, D.I. 108).[2] Accordingly, because the exculpatory protection contained in the Company's Certificate of Incorporation eliminates director liability as permitted by Section 102(b)(7) of the DGCL, this "is the end of the case" for Plaintiffs' claims for breach of the duty of care against Hess. *Malpiede*, 780 A.2d at 1094-95.

## B.    Plaintiffs Have Failed To State a Claim for Breach of the Fiduciary Duty of Loyalty

For Plaintiffs to overcome the existence of the Section 102(b)(7) exculpatory protection contained in the Certificate of Incorporation, Plaintiffs must assert "well-pleaded facts supporting a breach of loyalty or bad faith claim." *Malpiede*, 780 A.2d at 1094. Plaintiffs' vague allegations concerning failure to disclose and a failure of oversight are, however, legally insufficient to support these types of fiduciary duty claims.

---

[2] Courts may take judicial notice on a motion to dismiss of the Company's Restated Certificate of Incorporation. *See, e.g., Baxter Int'l, Inc. S'holders Litig., 654 A.2d 1268, 1270 (Del Ch. 1995); Shurkin v. Golden State Vintners, Inc.,* 2005 WL 1926620 (N.D. Cal. Aug. 10, 2005) ("[D]istrict courts routinely take judicial notice of public documents such as a certificate of incorporation or organization filed with the secretary of state.").

With respect to the allegations of the Directors failure to disclose, whether the fiduciary duty of care or loyalty is implicated depends on the context of the allegedly omitted disclosures.[3]  Outside the proxy context, when no shareholder decision is being sought, the duty of loyalty is implicated.  In this disclosure context, the pleading requirements are even more stringent than the Rule 9(b) requirements for common law fraud.  *See Metro Commc'n*, 854 A.2d at 158.  A breach of the duty of loyalty may be stated where "one . . . pleads that directors deliberately omitted information from a communication with . . . stockholders under circumstances that suggest an intent to mislead the stockholders."  *Jackson Nat'l Life Ins. Co.* v. *Kennedy*, 741 A.2d 377, 389 (Del. Ch. 1999).  Plaintiffs must show that directors "*knowingly* disseminate[d] false information."  *Metro Commc'n Corp. BVI* v. *Advanced Mobilecomm Techs. Inc.*, 854 A.2d 121,157-58 (Del. Ch. 2004) (citing *Malone* v. *Brincat*, 722 A.2d 5, 9 (Del. 1998)).  "This level of proof is similar to, but even more stringent than, the level of scienter required for common law fraud."  *Id.*

Here, the Amended Complaint attempts to allege a "fail[ure] to disclose" (Amended Complaint, ¶ 94), but does not allege that Hess (or any other Individual Defendant) "knowingly" or "deliberately" disseminated false information with "intent to mislead the stockholders."  *Jackson*, 741 A.2d at 389.  At most, the Amended Complaint alleges that, because of their positions and access to information, the Individual

---

[3]    Where shareholders are being asked to make a discretionary decision (*i.e.*, the proxy context), a failure to disclose implicates a duty of care.  *See Zirn* v. *VLI Corp.*, 681 A.2d 1050, 1062 (Del. 1996). Here, Plaintiffs allege, among other things, that "Defendants... caused Collins & Aikman to file and disseminate to its shareholders materially false and misleading Proxy Statements which failed to disclose that the Company was reporting financial results which were artificially inflated by . . . improper accounting practices."  (Amended Complaint, ¶ 94).  Because the alleged failure to disclose is in the proxy context, it only implicates the duty of care, and thus falls within the scope of the exculpatory charter clause, and is therefore barred.  *See, e.g., Metro Commc'n Corp. BVI* v. *Advanced Mobilecomm Techs. Inc.*, 854 A.2d 121,156-57 (Del. Ch. 2004); *Zirn*, 681 A.2d at 1062.

Defendants "knew of . . . [C&A's] operations and finances, as well as accounting practices," "knew that the true facts . . . regarding [C&A's] business and finances had not been disclosed . . . and were being concealed," and "participated in the issuance and/or review of false and/or misleading statements." (Amended Complaint, ¶ 25.) These bald assertions fall well short, however, of meeting the heightened pleading standard of Rule 9(b), much less the even higher pleading standard applicable in this disclosure claim context. *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215-16 (3d Cir. 2002). Accordingly, Plaintiffs' claim for breach of the duty of loyalty based on the failure to disclose is legally insufficient.

Similarly, Plaintiffs' allegations that the Directors breached their duty of loyalty to the Company by failing to maintain proper oversight are without support. Plaintiffs assert that the Individual Defendants were "required . . . to exercise reasonable and prudent supervision over the management, policies, practices and controls of the business and financial affairs of Collins & Aikman." (Amended Complaint, ¶ 24). An oversight claim is, however, one of the most difficult theories for a plaintiff to allege and prove under Delaware law. *In re Caremark Int'l Inc. Derivative Litig.*, 698 A.2d 959, 967 (Del. Ch. 1996). To state a claim for failure of oversight, Plaintiffs must plead that "(a) the directors utterly failed to implement any reporting or information system or controls; or (b) having implemented such a system or controls, concisely failed to monitor or oversee its operations thus disabling themselves from being informed of risks or problems requiring their attention." *Stone v. Ritter*, 911 A.2d 362, 370 (Del. 2006). Under the standard to state an oversight claim, a "bad outcome" cannot be equated with "bad faith." *Id.* at 373. The Delaware Supreme Court has emphasized that the "test of

liability—lack of good faith as evidenced by a sustained or systematic failure of a director to exercise reasonable oversight—is quite high." *Id.* at 372. As demonstrated in Section II, *supra,* the Complaint falls far short of this standard and, therefore, the breach of the duty of loyalty exception to the exculpatory clause does not apply.

Plaintiffs' conclusory allegations of intentional misconduct or the absence of good faith also fall well short of stating a legally sufficient claim. Plaintiffs' allegation that "[t]he conduct of the Director . . . Defendants . . . involves fraudulent misconduct—a knowing, intentional and culpable violation of their obligations as officers/directors of Collins & Aikman and [an] absence of good faith on their part . . ." (Amended Complaint, ¶ 22) is grounded on allegations of fraud and, accordingly, must satisfy the heightened pleading requirement of Rule 9(b) to survive a motion to dismiss. *See York Linings* v. *Roach*, No. 16622-NC, 1999 WL 608850, at *3 (Del. Ch. July 28, 1999) (dismissing portion of breach of fiduciary duty claim for failure "to allege the essential elements of fraud with the particularity necessary to survive a Rule 12(b)(6) motion to dismiss"). For the reasons stated in Section II *supra*, the Complaint fails to plead the essential elements of fraud with particularity. Therefore, the "intentional misconduct" or "bad faith" exception to the 102(b)(7) exculpatory clause does not apply. Accordingly, Plaintiffs' claim for breach of the duty of loyalty based on any of the exceptions to the 102(b)(7) exculpatory clause also fails to state a claim against Hess.

## IV.    PLAINTIFFS HAVE FAILED TO STATE A CLAIM AGAINST HESS FOR UNJUST ENRICHMENT

Plaintiffs assert an unjust enrichment claim against Hess, the other Individual Defendants, and Heartland in Count IV of the Amended Complaint. Unjust enrichment is "the unjust retention of a benefit to the loss of another, or the retention of money or

property of another against the fundamental principles of justice or equity and good conscience." *Total Care Physicians, P.A. v. O'Hara*, 798 A.2d 1043, 1056 (Del. Super. 2001) (quoting *Fleer Corp. v. Topps Chewing Gum, Inc.*, 539 A.2d 1060, 1062 (Del. 1988)). To assert a claim for unjust enrichment, a plaintiff must plead the following elements: "(i) an enrichment, (ii) an impoverishment, (iii) a relation between the enrichment and impoverishment, (iv) the absence of justification, and (v) the absence of a remedy provided by law." *Bakerman v. Sidney Frank Importing Co., Inc.*, No. Civ. A. 1844-N, 2006 WL 3927242, at *18 (Del. Ch. Oct. 16, 2006); *Total Care Physicians, P.A.*, 798 A.2d at 1056. Delaware courts have held that conclusory allegations of benefits received by a defendant are insufficient to state a claim for unjust enrichment. *MetCap Sec. LLC* v. *Pearl Senior Care, Inc.*, C.A. No. 2129-VCN, 2007 WL 1498989, at *6, n. 50 (Del. Ch. May 16, 2007) (dismissing claims of unjust enrichment against defendants for whom only conclusory allegations were made suggesting how they benefited) (citing *Schock* v. *Nash*, 732 A.2d 217, 232 (Del. 1999)).

Here, Plaintiffs have failed to adequately plead that Hess benefited directly or indirectly from the alleged conduct. In a conclusory manner, the Complaint alleges only that the Director and Officer Defendants and Heartland benefited by "causing Collins & Aikman to pay inflated prices for goods, services and corporate acquisitions; violating the federal securities laws; making false and misleading statements; and causing the Company to file materially false and misleading press releases and documents with the SEC" so that they could "continue in their positions and personally profit therefrom." (Amended Complaint, ¶ 197). Plaintiffs have failed, however, to plead how Defendant Hess personally profited by this alleged conduct. Further, because Plaintiffs have failed

to plead that Hess benefited or was enriched, they have also necessarily failed to plead a relation between enrichment and the alleged Plaintiffs' impoverishment.

Lastly, their unjust enrichment claim also fails to state a claim because Plaintiffs have failed to plead that they do not have an adequate remedy at law. *Bakerman*, 2006 WL 3927242, at *18 (noting that "the absence of a remedy provided by law" is a necessary element of an unjust enrichment claim).   In short, the alleged wrongdoing in their unjust enrichment claim is also alleged to support Plaintiffs' duplicative common law fraud and federal securities fraud claims. *See, e.g., Total Care Physicians, P.A. v. O'Hara*, No. Civ. A. 99C-11-201-JRS, 2002 WL 31667901, at *10 (Del. Super. Oct. 29, 2002) (dismissing unjust enrichment claim where plaintiff's claim for damages resulting from the misappropriation of its trade secrets constituted an adequate remedy at law such that it did not need to "invoke this Court's sense 'of justice or equity and good conscience' to secure relief").   Accordingly, because Plaintiffs have failed to adequately plead enrichment, a relation between enrichment and impoverishment, and an inadequate remedy at law, their claim for unjust enrichment against Hess fails to state a claim.

## V.    PLAINTIFFS HAVE FAILED TO STATE A CLAIM AGAINST HESS FOR COMMON LAW FRAUD

Plaintiffs assert a claim for common law fraud against the Director and Officer Defendants in Court V of the Amended Complaint.  Plaintiffs assert that the Directors and Officers "made misrepresentations of material facts to Collins & Aikman's Board of Directors and Audit Committee relating to the true financial condition of the Company . . . ." (Amended Complaint, ¶ 200).  To plead a claim for fraud, Plaintiffs must allege the following elements, which are similar to the elements of a Rule 10b-5 claim, that "(1) the

defendants falsely represented or omitted facts that the defendant had a duty to disclose; (2) the defendants knew or believed that the representation was false or made the representation with a reckless indifference to the truth; (3) the defendants intended to induce the plaintiff to act or refrain from acting; (4) the plaintiff acted in justifiable reliance on the representation; and (5) the plaintiff was injured by its reliance." *Trenwick Am. Litig. Trust v. Ernst & Young, L.L.P.*, 906 A.2d 168, 207-08 (Del. Ch. 2006); *see also Stephenson v. Capano Dev. Inc.*, 462 A.2d 1069, 1074 (Del. 1983).

Plaintiffs' common law fraud claim, like their federal securities fraud claims, must be pled with particularity. Fed. R. Civ. P. 9(b). To satisfy the Rule 9(b) pleading standard, "plaintiffs must plead with particularity 'the circumstances of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged.'" *Lum v. Bank of America*, 361 F.3d 217, 223-24 (3d Cir. 2004). A plaintiff is required to plead with particularity the "time, place, and contents of the false representations, the identity of the person making the representation, and what the person intended to gain by making the representations." *Nutt v. A.C.&S., Inc.,* 466 A.2d 18, 23 (1983).

Here, Plaintiffs' common law fraud claim suffers from the same failure to plead a misrepresentation as their federal securities law claims. (*See supra* Section II). As noted above in the analysis of the securities fraud claims, Hess is only mentioned in "group pleading" throughout the entire Amended Complaint. There are absolutely no particular allegations whatsoever that Hess herself made any particular false representations or that she had knowledge of any false representation or omission.

Finally, Plaintiffs' fraud claim also fails to state legally sufficient allegations of justifiable reliance.   Plaintiffs allege that the Company relied on alleged misrepresentations of the Directors, but that the Directors were aware of the actual state of affairs of the Company.  (Amended Complaint, ¶¶ 25, 203).   In short, Plaintiffs contend that the Directors, who controlled the Company, relied to their detriment on their own misstatements.   This contention is, however, insufficient to support the element of justifiable reliance.  Vice Chancellor Strine has explained that the allegation in a claim for fraud that a corporation relied to its detriment on misstatements made on the corporation's behalf by its controlling directors "makes no sense" when the company "would not have been relying to its detriment on the fraudulent statement[s] because its [directors] were aware of the actual state of affairs."   *Trenwick*, 906 A.2d at 211-12. Hence, if the allegations in the Amended Complaint are true, then the Directors, who controlled the Company, "were aware of the actual state of affairs," *id.*, and thus, the Company, who was controlled by the Directors, could not have relied on the misleading statements that the Directors were allegedly disseminating to others.   Therefore, Plaintiffs have failed to plead legally sufficient allegations of justifiable reliance. Accordingly, for this reason and the other reasons state above, Plaintiffs have failed to state a claim for fraud against Hess.

## VI.   PLAINTIFFS' AMENDED COMPLAINT SHOULD BE DISMISSED <u>WITH</u> PREJUDICE

Plaintiffs' Amended Complaint is an example of the specious securities fraud litigation that Congress intended to prevent when it passed the PSLRA.  *See* H.R. Conf. Rep. No. 104-369, at 32 (1995).  Considering the fact that the alleged violations took place prior to the filing of the Plaintiffs' bankruptcies and, in some instances nearly six

years ago, Plaintiffs have had ample opportunity to investigate and identify the particular facts to support their claims.   It is unreasonable to believe that a second amended complaint would result in any different result.  As the court in *MCI World Com* stated in denying such a request, "the [Reform Act] mandates dismissal of 'any private action under this chapter...if the [pleading] requirements are not met.'"  *MCI World Com,* 191 F. Supp.2d at 794 (*quoting* 15 U.S.C. §§78u-4 (b) (3) (A).  In this instance, it is clear that the Plaintiffs intended to conduct a fishing expedition when they filed this suit with the hopes of finding facts to support their claims.   At this stage, any amended pleading would be futile as to Hess and would unnecessarily prolong this litigation against her.


## VII.    PLAINTIFFS' STATE LAW CLAIMS MUST BE DISMISSED FOR LACK OF JURISDICTION

If Counts I and II of the Amended Complaint are dismissed, Defendant Hess requests that all remaining state law claims raised by the Plaintiffs and pending before this Court solely due to supplemental or pendant jurisdiction to the federal securities law claims be dismissed pursuant to 11 U.S.C. 1367(c)(3).

## CONCLUSION

For the foregoing reasons, Plaintiffs' Amended Complaint should be dismissed with prejudice, with no further opportunities to amend being granted.

Respectfully submitted,

/s/ Albert H. Manwaring, IV
Albert H. Manwaring, IV (Del. Bar No. 4339)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone No.: (302) 777-6514
Facsimile No.: (302) 421-8390
manwaringa@pepperlaw.com

Of Counsel:

Lynn M. Brimer (P43291)
George S. Fish (P51298)
STROBL & SHARP, P.C.
300 East Long Lake Road, Suite 200
Bloomfield Hills, MI 48304-2376
Telephone No.: (248) 540-2300
Facsimile No.: (248) 645-2690
lbrimer@stroblpc.com

*Attorneys for Defendant Cynthia Hess*

## CERTIFICATE OF SERVICE

I, Albert H. Manwaring, IV hereby certify that on April 28, 2008, I caused a copy of the foregoing Defendant Cynthia Hess's Motion to Dismiss, Proposed Order, and Opening Brief in Support of Its Motion to Dismiss to be served with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Thomas P. Preston, Esq.
Blank Rome LLP
Chase Manhattan Centre
1201 Market Street
Suite 800
Wilmington, DE  19801

Richard L. Horowitz, Esq.
Peter J. Walsh, Jr., Esq.
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
131 N. Market Street
Wilmington, DE  19801

Andrew A. Lundgren, Esq.
Young Conaway Stargatt & Talyor, LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391

Robert S. Saunders, Esq.
Skadden Arps Slate Meagher & Flom
One Rodney Square
P.O. Box 636
Wilmington, DE  19899

Peter B. Ladig, Esq.
Stephen B. Brauerman, Esq.
The Bayard Firm, P.A.
222 Delaware Ave, Suite 900
P.O. Box 25130
Wilmington, DE  19899-5130

Thomas Macauley, Esq.
Elizabeth Dianne Power, Esq.
Zuckerman Spaeder LLP
919 Market Street, Suite 990
Wilmington, DE  19801

Michael J. Maimone, Esq.
Joseph B. Cicero, Esq.
Edwards Angell Palmer & Dodge LLP
919 N. Market Street, 15th Floor
Wilmington, DE  19801

Anne C. Foster, Esq.
Robert J. Stearn, Jr., Esq.
Richards, Layton & Finger, P.A
One Rodney Square
920 N. King Street
Wilmington, DE  19801

Kenneth J. Nachbar, Esq.
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347

James L. Holzman, Esq.
J. Clayton Athey, Esq.
Prockett, Jones & Ellior, P.A.
1310 King Street, Box 1328
Wilmington, DE  19899

Vernon R. Proctor, Esq.
Proctor Heyman LLP
1116 West Street
Wilmington, DE  19801

Joseph A. Rosenthal, Esq.
Carmella P. Keener, Esq.
Rosenthal, Monhait & Goddess, P.A.
919 N. Market Street, Suite 1401
P.O. Box 1070
Wilmington, DE  19899

/s/  *Albert H. Manwaring, IV*
Albert H. Manwaring, IV (#4339)