Page 1

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF DELAWARE

- - -

```
COLLINS & AIKMAN CORPORATION    :
and COLLINS & AIKMAN PRODUCTS   :
CO., as Debtors in Possession,  :
                                :
           Plaintiffs,          :
                                :
      v.                        : Civ. No. 07-265-SLR/LPS
                                :
DAVID A. STOCKMAN, et al.,      :
                                :
           Defendants.          :
```

- - -

Wilmington, Delaware
Wednesday, May 7, 2008 at 12:00 p.m.

STATUS TELECONFERENCE

- - -

BEFORE:   HONORABLE LEONARD P. STARK, MAGISTRATE

- - -

APPEARANCES:

       ROSENTHAL MONHAIT & GODDESS
       BY:  CARMELLA P. KEENER, ESQ.
           and
       COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
       BY:  DAVID A. ROSENFELD, ESQ.,
           (New York City, New York)

Ellie Corbett Hannum, Registered Merit Reporter
www.corbettreporting.com

```
 1   APPEARANCES: (Continued)

 2
          THE BAYARD FIRM
 3        BY:  PETER B. LADIG, ESQ.
               and
 4        WILMER HALE
          BY:  ANDREW B. WEISSMAN, ESQ.
 5        BY:  LAUREN R. YATES, ESQ.
               (Washington, D.C.)
 6
                    Counsel for David A. Stockman
 7
          POTTER ANDERSON & CORROON
 8        BY:  PETER J. WALSH, JR., ESQ.
               and
 9        SULLIVAN & CROMWELL LLP
          BY:  DAVID E. SWARTS, ESQ.
10             (New York City, New York)

11                  Counsel for J. Michael Stepp

12        BLANK ROME LLP
          BY:  JOSEPH O. CLICK, ESQ.
13
                    Counsel for Bryce M. Koth and
14                  Robert A. Krause

15        PROCTOR HEYMAN LLP
          BY:  VERNON R. PROCTOR, ESQ.
16             and
          ARNOLD & PORTER LLP
17        BY:  MONIQUE ANNE GAYLOR, ESQ.
               (New York City, New York)
18
                    Counsel for David R. Cosgrove
19
          ZUCKERMAN SPAEDER LLP
20        BY:  THOMAS G. MACAULEY, ESQ.
               (Wilmington, Delaware)
21             and
          BY:  CARL S. KRAVITZ, ESQ.
22        BY:  LAURA E. NEISH, ESQ.
               (New York City, New York)
23
                    Counsel for J. Michael Stepp
24
```

```
 1   APPEARANCES (Continued):

 2              PRICKETT, JONES & ELLIOTT, P.A.
                BY:  J. CLAYTON ATHEY, ESQ.
 3                   and
                JENNER & BLOCK LLP
 4              BY:  STEPHEN L. ASCHER, ESQ.
                     (New York City, New York)
 5
                              Counsel for Charles E. Becker
 6
                MORRIS, NICHOLS, ARSHT & TUNNEL LLP
 7              BY:  KENNETH J. NACHBAR, ESQ.
                     and
 8              GOODWIN PROCTER LLP
                BY:  LAURIE LEVIN, ESQ.
 9              BY:  JEFFREY A. SIMES, ESQ.
                     (New York City, New York)
10
                              Counsel for Elkin B. McCallum
11
                YOUNG, CONAWAY, STARGATT & TAYLOR, LLP
12              BY:  CHRISTIAN D. WRIGHT, ESQ.
                BY:  ANDREW A. LUNDGREN, ESQ.
13                   and
                MAYER BROWN
14              BY:  JOSEPH DE SIMONE, ESQ.
                     (New York City, New York)
15
                              Counsel for Thomas E. Evans
16
                PEPPER HAMILTON LLP
17              BY:  ALBERT H. MANWARING, ESQ.
                     and
18              STROBL & SHARP, PC
                BY:  LYNN M. BRIMER, ESQ.
19                   (Bloomfield Hills, Michigan)

20                            Counsel for Cynthia Hess

21

22

23

24
```

```
 1   APPEARANCES (CONTINUED):

 2              SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
                BY:  RONALD BROWN, ESQ.
 3                   (Wilmington, Delaware)
                        and
 4              BY:  LEA HABER KUCK, ESQ.

 5                   (New York City, New York)

 6                        Counsel for Daniel P. Tredwell, W.
                          Gerald McConnell, Samuel Valenti,
 7                        III, Heartland Industrial entities

 8              RICHARDS, LAYTON & FINGER, P.A.
                BY:  ANNE C. FOSTER, ESQ.
 9                   and
                CRAVATH, SWAINE & MOORE, LLP
10              BY:  THOMAS G. RAFFERTY, ESQ.
                BY:  ANTONY L. RYAN, ESQ.
11                   (New York City, New York)

12                        Counsel for Pricewaterhouse
                          Coopers
13
                LATHAM & WATKINS, LLP
14              BY:  CHRISTOPHER HARRIS, ESQ.

15                   (New York City, New York)

16                        Counsel for KPMG LLP

17
                             - oOo -
18
                         P R O C E E D I N G S
19

20              THE COURT:  Good afternoon.  Are

21   counsel all there?

22              MS. KEENER:  Yes.  Good afternoon, Your

23   Honor.

24              THE COURT:  I want to first start by
```

1  finding out who I have on the line.  And let me go first
2  for the plaintiff.
3              MS. KEENER:  Good afternoon, Your Honor.
4  This is Carmella Keener of Rosenthal Monhait & Goddess.
5  I have to apologize; I have laryngitis.  I'm going to
6  pass it off to my co-counsel to introduce himself.
7              MR. ROSENFELD:  Good afternoon, Your
8  Honor.  David Rosenfeld from Couglin Stoia, on behalf of
9  the plaintiffs.
10             THE COURT:  Okay.  Thank you.  Is that
11 it for the plaintiffs?  That's just you, Mr. Rosenfeld,
12 and Ms. Keener; correct?
13             MR. ROSENFELD:  Correct, Your Honor.
14             THE COURT:  Now for the defendants.
15 First for David Stockman.
16             MR. LADIG:  Peter Ladig of The Bayard
17 Firm, and I believe that Andy Weissman of Wilmer Hale, is
18 on the line with me.
19             MR. WEISSMAN:  As well as Lauren Yates
20 of Wilmer Hale.
21             THE COURT:  Okay.  And for defendant
22 Michael Stepp?
23             MR. WALSH:  Your Honor, this is Pete
24 Walsh of Potter Anderson.  Also on the line is David

1  Swarts of Sullivan & Cromwell on behalf of Mr. Stepp.

2              THE COURT:  Okay.  Good afternoon to

3  you.

4              For defendant Bryce Koth.

5              MR. CLICK:  Joe Click with Blank Rome.

6              THE COURT:  Okay.

7              For David Cosgrove, please.

8              MR. PROCTOR:  Vernon Proctor from

9  Proctor Heyman and with me on the phone, Your Honor, is

10 Monique A. Gaylor of Arnold & Porter in New York.

11             THE COURT:  Okay.  Thank you.

12             For Paul Barnaba.

13             MR. MACAULEY:  Good afternoon, Your

14 Honor, Thomas Macauley with Carl Kravitz and Laura Neish,

15 both from Zuckerman Spaeder.

16             THE COURT:  Thank you.  For Robert A.

17 Krause.

18             MR. CLICK:  Joe Click of Blank Rome

19 again, Your Honor.

20             THE COURT:  Okay.  For John Galante?

21 Did I pronounce that correctly, G-A-L-A-N-T-E?  Is there

22 anything on the call for John Galante?

23             Mr. Rosenfeld, is Mr. Galante a

24 defendant?

 1                  MS. KEENER:  Your Honor, he is a
 2   defendant, but he has not yet appeared through counsel.
 3                  THE COURT:  Okay.  All right.  For
 4   Charles Becker?
 5                  MR. ATHEY:  Good afternoon, Your Honor.
 6   Clayton Athey with Prickett Jones and Elliott.  Also on
 7   the line is Steven Ascher of Jenner & Block.
 8                  THE COURT:  Thank you.
 9                  For Elkin McCallum?
10                  MR. NACHBAR:  Kenneth Nachbar of Morris
11   Nichols.  On the line with me are Laurie Levin and
12   Jeffrey Simes of Goodwin Procter.
13                  THE COURT:  Thank you.
14                  For Thomas Evans?
15                  MR. WRIGHT:  Good afternoon, Your Honor.
16   Christian Wright from Young, Conaway, and also with me is
17   Andrew Lundgren from Young, Conaway, and also on the
18   phone is Joe DeSimone from Mayer Brown.
19                  THE COURT:  Okay.
20                  MR. DE SIMONE:  Good afternoon, Your
21   Honor.
22                  THE COURT:  Good afternoon.
23                  Cynthia Hess?
24                  MR. MANWARING:  Good afternoon, Your

1  Honor.  Albert Manwaring from Pepper Hamilton, and on the
2  line with me I have Lynn Brimer from Strobl & Sharp.
3              THE COURT:  Good afternoon to you all.
4              For defendant Daniel Tredwell?
5              MR. BROWN:  Good afternoon, Your Honor.
6  This is Ron Brown of the Wilmington office of Skadden,
7  Arps.  Also on the line with me is Lea Kuck of the New
8  York office.  And we also represent Gerald McConnell and
9  Samuel Valenti, and Heartland Industrial entities.
10             THE COURT:  Okay.  That saves some me
11 some time.  Thank you.
12             And for Pricewaterhouse Coopers, please.
13             MS. FOSTER:  Yes, Your Honor.  It's Anne
14 Foster of Richards, Layton & Finger; on the phone with me
15 I have Tom Rafferty and Antony Ryan from Cravath, Swaine
16 & Moore.
17             THE COURT:  Thank you.
18             And I think, finally, for KPMG?
19             MR. HARRIS:  Good afternoon.  This is
20 Chris Harris of Latham & Watkins.
21             THE COURT:  Anybody that I missed?  Did
22 I get all the defendants, so far as you can tell,
23 Ms. Keener or Mr. Rosenfeld?
24             MS. KEENER:  Your Honor, I wasn't

1  following, but your roll call matched the one that I did
2  before we dialed into the Court.  I think the only
3  individual defendant we are missing is the one we have
4  already addressed.
5             THE COURT:  Okay.  And why don't we
6  start there?  Do you have anything about the situation
7  there; why they haven't appeared yet?
8             MS. KEENER:  We do not, Your Honor.  We
9  have not heard from anyone on behalf of that defendant.
10 We have not yet made a determination as to whether we
11 will seek a default judgment.
12            THE COURT:  Okay.
13            Well, thank you all for being on the
14 call.  I set this as a status conference, for the record,
15 in our case of Collins & Aikman Corporation vs. David A.
16 Stockman, et al.; our case No. 07-265-SLR/LPS.  Of
17 course, I have a court reporter with me.  And so
18 certainly, for her benefit, please identify yourselves
19 before you speak.
20            The first issue with respect to status
21 is just to make sure everybody is aware that the case has
22 been referred to me by Judge Robinson by virtue of her
23 referral order of April 17th of 2008, which -- I'm sorry,
24 I have got the wrong date -- February 11th, 2008, excuse

1  me, which refers to me all proceedings, all pretrial
2  proceedings through and including the pretrial
3  conference.  So you will be spending some time with me,
4  it seems.
5              Next, as I look at the docket, it
6  appears that there were originally 13 motions to dismiss
7  directed to the original complaint and then an amended
8  complaint has been filed, and all of those motions are
9  now directed -- there are new motions directed to the
10 amended complaint.  So it would seem to me that all 13 of
11 those original motions to dismiss the complaint are moot.
12 Is there any defendant who disagrees with me on that
13 point?
14             (No response.)
15             I'm not hearing any disagreement.  So we
16 will take care of those first 13 motions to dismiss
17 directed to the complaint as moot.
18             Next, as for the new 13 motions to
19 dismiss, my understanding is they were all filed on April
20 28th, and therefore plaintiffs' responses would be due, I
21 believe, May 15th.
22             Miss Keener or Mr. Rosenfeld, is that
23 consistent with your calculation?
24             MR. ROSENFELD:  Your Honor, I believe we

1  had a schedule in place that provided us with 60 days.
2            THE COURT: Okay. I wasn't aware of
3  that. So when is it that you are planning to reply to
4  the 13 motions?
5            MR. ROSENFELD: Well, that's one of the
6  issues we wanted to discuss today. Right now those
7  motions are due to be responded to on June 27th. It was
8  our understanding, initially when we set this schedule,
9  that there would be one consolidated brief that we would
10 be receiving instead of 13 individual briefs or one or
11 three -- in other words, a few briefs instead of the full
12 13. In light of that, in light of the fact that 13 have
13 been filed, we would request an additional 30 days,
14 which, I believe, is identical to the same time that the
15 defendants had to filed their motion to dismiss, for a
16 total of 90 days, bringing our due date to July 28th.
17           THE COURT: Okay. And before I open it
18 up to the defendants, what would your position be if I
19 gave you until July 28th? What's your position as to
20 when you would want the defendants to respond or get
21 their replies in by?
22           MR. ROSENFELD: We would be open to
23 discussion on that. We would certainly take a reasonable
24 position on that. Forty-five days?

1                  THE COURT:  All right.  Is there any
2     coordination here among the defendants as to their
3     position on the timing of the briefing or do I need to go
4     through each one of you?  If there is any coordination
5     maybe someone will be able to speak up.
6                  (No response.)
7                  I am sadly not hearing anything.  Does
8     anybody have any objection to the plaintiffs filing their
9     answers to the 13 motions to dismiss on July 28th?
10                 (No response.)
11                 Okay.  I'm not hearing any objection.
12    Does any defendant have any objection to me setting your
13    date for replies 45 days after July 28th?
14                 (No response.)
15                 Okay.  Again, not hearing any
16    objections.  So we will get an order out that will set
17    that briefing schedule for the pending 13 motions to
18    dismiss the complaint.
19                 Now, it appears there are also a motion
20    to stay pending arbitration and a motion to change venue.
21    I'm not sure which defendants have filed those.  First,
22    with the motion to stay arbitration, pending arbitration.
23    Who filed that, please?
24                 MR. HARRIS:  This is Chris Harris of

1  Latham.  That was filed by KPMG.  And the status of that
2  is we have a stipulation with the plaintiffs that they do
3  not need to respond to that until after the defendants'
4  motions to dismiss have been decided by the court.
5              THE COURT:  Okay.  And you are content
6  with that stipulation to continue; correct?
7              MR. HARRIS:  On behalf of KPMG, yes.
8              THE COURT:  And, Mr. Rosenfeld, is that
9  accurate and are you content for that stipulation to
10 continue?
11             MR. ROSENFELD:  Correct on both counts,
12 Your Honor.
13             THE COURT:  Okay.  How about the motion
14 to change venue?  Which defendants is that filed by?
15             MR. CLICK:  This is Joe Click for Bryce
16 Koth and Robert Krause.  It was filed on their behalf,
17 and I don't have the motion in front of me.  So if
18 co-defendants' counsel who joined that motion could chime
19 in, that would be helpful.
20             MR. PROCTOR:  This is Vernon Proctor for
21 Cosgrove.  We change joined in that, I believe.
22             THE COURT:  Okay.  And that has not been
23 responded to by the plaintiffs; is that correct?
24             MR. ROSENFELD:  That's correct, Your

1  Honor.
2              THE COURT:  Okay.  Is there a
3  stipulation in place there or does somebody want me to
4  set a briefing schedule on that?
5              MR. ROSENFELD:  Your Honor, I have a
6  recollection of there being a stipulation in place.
7              THE COURT:  In the meantime, Mr. Click
8  or Mr. Proctor, do you know if there is a stipulation in
9  place with respect to briefing on that motion?
10             MR. CLICK:  Your Honor, this is Joe
11 Click.  I don't recall that one; that's not to say there
12 isn't, but I just don't recall.
13             MR. PROCTOR:  I am checking as well,
14 Your Honor.
15             THE COURT:  Okay.
16             MR. ROSENFELD:  Your Honor, I am trying
17 to confirm.  I am just having a little difficulty
18 confirming it at this time.  But, if possible, can we
19 send a letter to Your Honor?
20             THE COURT:  That will be fine.  Let me
21 ask, Mr. Proctor and Mr. Click, do you have any
22 opposition to staying briefing on your motion to transfer
23 assuming there is no stipulation in place?
24             MR. CLICK:  This is Joe Click.  I have

1  no objection to the stay.

2              MR. PROCTOR:  This is Vernon Proctor,
3  and I don't have an objection either.

4              THE COURT:  Mr. Rosenfeld, why don't you
5  get to the bottom of whether there already is a
6  stipulation in place, and if there isn't, why don't you
7  submit one that would stay briefing on the motion to
8  change venue.

9              MR. ROSENFELD:  Certainly.

10             MR. WRIGHT:  Your Honor, this is
11 Christian Wright.  This may help the parties narrow it.
12 I think there is a November 15, 2007, stipulation
13 regarding the motion to transfer venue.  It looks like it
14 had a date to extend it into early 2008, but I don't
15 think anything happened after that.

16             THE COURT:  Okay.

17             MR. WRIGHT:  At least, I don't see
18 anything on my copies of the record.

19             THE COURT:  That's very helpful.
20             But, Mr. Rosenfeld, why don't you take a
21 look at that after the call and, perhaps, it needs to be
22 updated or perhaps not.  So either a letter or a
23 stipulation should take care of that.

24             MR. WRIGHT:  Your Honor, this is

1  Christian Wright, again; I apologize.  It turns out there
2  is a later stipulation, December 28th, 2007.  It says:
3  "It is further stipulated that the date on or before
4  which plaintiffs or any parties shall respond to certain
5  defendants' motion to transfer venue shall be extended
6  until 45 days after the filing of defendants' answer or
7  motion to dismiss provided that the passage of time based
8  on this and the previous scheduling agreement requested
9  by plaintiffs shall not be argued by plaintiffs as any
10 basis to deny transfer."  And that's docket ID No. 88.
11                 THE COURT:  Thank you for that.  But it
12 sounds like that's only staying it until a certain time
13 after -- what was that -- an answer?  I'm sorry it went
14 by quickly.
15                 MR. WRIGHT:  An answer or motion to
16 dismiss.
17                 THE COURT:  So technically the
18 plaintiffs' motion on that brief are due in 45 days,
19 approximately.  And it sounds like there may be an
20 agreement to stay briefing on that.
21                 So if that's the case, again,
22 Mr. Rosenfeld, submit a new joint stipulation, and I will
23 be happy to sign that.
24                 MR. ROSENFELD:  Thank you, Your Honor.

```
 1                THE COURT:  Okay.
 2                All right.  Is there anything further
 3   that we need to discuss at this time related to this
 4   case, Mr. Rosenfeld?
 5                MR. ROSENFELD:  Nothing further from our
 6   perspective, Your Honor.
 7                THE COURT:  Okay.  And is there any
 8   defendant that wants to raise any issue?
 9                (No response.)
10                No.  Happily, I am hearing silence
11   again.  Okay.  Well, we will get an order out with the
12   briefing schedule, and we will look for a stipulation
13   related to that issue.
14                There is nothing further on my end.  I
15   appreciate your patience.
16                Thank you all very much.
17                ALL COUNSEL:  Thank you, Your Honor.
18                (The hearing concluded at 11:25 a.m.)
19
20
21
22
23
24
```

1                    C E R T I F I C A T E

2

3   STATE OF DELAWARE:

4   NEW CASTLE COUNTY:

5        I, Ellen Corbett Hannum, a Notary Public within and

6   for the County and State aforesaid, do hereby certify

7   that the foregoing teleconference was taken before me,

8   pursuant to notice, at the time and place indicated; that

9   the statements of participants were correctly recorded in

10  machine shorthand by me and thereafter transcribed under

11  my supervision with computer-aided transcription; that

12  the transcript is a true record of the statements made by

13  the participants; and that I am neither of counsel nor

14  kin to any party in said action, nor interested in the

15  outcome thereof.

16       WITNESS my hand and official seal this 15th day of

17  May A.D. 2008.

18       _____

19       Ellen Corbett Hannum, RMR, CMRS
         Notary Public - Reporter
20       Delaware Certified Shorthand Reporter
         Certification No. 118-RPR, Expires 1/31/11

21

22

23

24