IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

COLLINS & AIKMAN CORPORATION )
and COLLINS & AIKMAN PRODUCTS )
CO., as Debtors in Possession, )
                                )
          Plaintiffs,           )
                                )
     v.                         ) Civ. No. 07-265-SLR/LPS
                                )
DAVID A. STOCKMAN, et al.,      )
                                )
          Defendants.           )

## MEMORANDUM ORDER

At Wilmington this 30th day of September, having reviewed the Report and

Recommendation issued by Magistrate Judge Leonard P. Stark, as well as the

objections thereto, pursuant to Fed. R. Civ. P. 72(b);

IT IS ORDERED that the Report and Recommendation is accepted, but for the

recommendations as to counts VIII through XI, as follows:

1. **Background.** Plaintiff Collins & Aikman Litigation Trust ("plaintiff"), as

successor to Collins & Aikman Corporation ("the Company") and its subsidiary debtors,

brings this action against various defendants alleging violations of: (i) section 10(b)

("Section 10(b)") of the Securities Exchange Act of 1934 ("the Act"), 15 U.S.C. § 78j(b),

and rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5; (ii) section 14(a) of the

Act, 15 U.S.C. 78n(a), and Rule 14a-9 promulgated thereunder, 17 C.F.R. § 240.14a-9;

(iii) breach of fiduciary duty; (iv) unjust enrichment; (v) common law fraud; (vi) breach of

express and implied contractual obligations; (vii) negligence/malpractice; (viii) breach of contract; and (ix) aiding and abetting.  There are three groups of defendants, the director and officer defendants,[1] the corporate defendants,[2]  and the auditor defendants.[3]  The Report and Recommendation (D.I. 176) addresses thirteen motions to dismiss the first amended complaint ("FAC") (D.I. 90).

2.  In the lengthy FAC, plaintiff asserts multiple allegations regarding the wrongful conduct of defendants leading to injury, variously described as the Company's being "denied the opportunity to continue as a going concern and its value as a business enterprise significantly decreas[ing]" or its "incurr[ing] unnecessary debt and costs associated with debt, including lost profits."  (D.I. 90 at 73-81)  As noted in the Report and Recommendation, the wrongful conduct asserted against the director and officer defendants includes the "Joan Fabrics round-trip transactions," the "rebate schemes,"  the "August Senior Note Offering" and multiple accounting irregularities affecting the borrowing base and the accuracy of the financial statements submitted to the SEC and the investing public.   (D.I. 90 at 17-32)  The FAC also includes allegations of wrongful conduct as to the auditor defendants, asserting in essence that these defendants breached their contracts and the standards of care when they failed to recognize certain identified "risk factors" and follow through by reviewing carefully

---

[1]Defendants Stockman, Stepp, Cosgrove, Barnaba, McCallum, Krause, Becker, Evans, Hess, Tredwell, McConnell, Valenti, Galante, and Koth.

[2]Heartland Industrial Partners, L.P., Heartland Industrial Associates, L.L.C., and Heartland Industrial Group, L.L.C. (collectively "Heartland").

[3]PricewaterhouseCoopers LLP ("PwC") and KPMG LLP ("KPMG").

enough the available information in order to uncover the accounting irregularities attributed to the director and officer defendants' conduct. (D.I. 90 at 34-68) The corporate defendants are alleged to have owed fiduciary duties to the Company and to have breached those duties based on the fraudulent conduct of the director and officer defendants. (D.I. 90 at 15-17, 71)

      3. No objections were lodged with respect to the following recommendations and, therefore, I accept said recommendations without further discussion, to wit, dismissal of:

      a. Count I as to defendants Barnaba, Krause, Becker, Evans, Hess, Tredwell, McConnell, Valenti, Galante, and Koth;

      b. Count II against defendants Stockman, Stepp, Cosgrove, Barnaba, McCallum, Krause, Becker, Evans, Hess, Tredwell, McConnell, Valenti, Galante and Koth;

      c. Count III as to defendants Krause (D.I. 119), Becker (D.I. 124), Evans (D.I. 101), Hess (D.I. 131), Tredwell (D.I. 106), McConnell (D.I. 106), and Valenti (D.I. 106);

      d. Count IV as to defendants Stockman (D.I. 115), Stepp (D.I. 104), Cosgrove (D.I. 97), Barnaba (D.I. 128), Krause (D.I. 119), Evans (D.I. 101), Hess (D.I. 131), Tredwell (D.I. 106), McConnell (D.I. 106), Valenti (D.I. 106) and Heartland (D.I. 110);

      e. Count Count V as to defendants Stockman (D.I. 115), Stepp (D.I. 104), Cosgrove (D.I. 97), Barnaba (D.I. 128), McCallum (D.I. 99), Krause, Becker, Evans, Hess, Tredwell, McConnell and Valenti;

    f.  Count VI as to Heartland (D.I. 110);

    g.  Count VII as to PwC (D.I. 107) and KPMG (D.I. 120); and

    h.  Count XII as to PwC (D.I. 107) and KPMG (D.I. 120).

  4.  With respect to the objections lodged, I have conducted a de novo review of the issues raised therein and find the following:

    a.  **Count I - Section 10(b) claim.**  To establish a violation of Section 10(b), plaintiff must prove by a preponderance of the evidence that a defendant made: (1) a misstatement or omission; (2) of a material fact; (3) with scienter; (4) in connection with the purchase or sale of a security; (5) upon which a plaintiff reasonably relied; and (6) that reliance was the proximate cause of plaintiff's injury. *See Tracinda Corp. v. DaimlerChrysler,* 364 F. Supp. 2d 362, 388 (D. Del. 2005).

      1.)  **Materiality.**  Defendant McCallum asserts that "the only transactions in which [he] is alleged to have improperly participated[4] represent 0.15 of one percent of [the Company's] revenue over the relevant period" and, therefore, such alleged misrepresentations cannot be material, as a matter of law. (D.I. 187 at 10-11) Defendant McCallum also recognizes, however, that "courts must engage in a fact-specific inquiry" "[i]n order to determine whether a misleading statement is material." (*Id.*, quoting *ECA, Local 134 IBEW Joint Pension Trust of Chicago v. JP Morgan Chase Co.*, 553 F.3d 187, 197 (3d Cir. 2009)). At this stage of the proceedings, where this defendant served on the board in addition to directly participating in the round-trip transactions, I agree that dismissal is not warranted.

---

  [4]The four Joan Fabrics round-trip transactions.

2.) **Scienter.** Defendant McCallum also contends that plaintiff has not alleged that he had any involvement in how the Company accounted for the round-trip transactions and, therefore, scienter has not been adequately pled. Consistent with Judge Stark's conclusion, however, I find that plaintiff has adequately alleged McCallum's knowing involvement in a fraudulent scheme and his failure to disclose the scheme when signing several of the Company's public filings and during the 2003 internal investigation of such. Similarly, by denying his wrongdoing, defendant Cosgrove argues that the FAC lacks sufficient specificity; instead, this defendant has raised issues of fact that need to be vetted through discovery.[5]  I conclude that the allegations as to both defendants McCallum and Cosgrove are adequate to support a strong inference of scienter.

3.) **Detrimental reliance.** Defendants Stockman and Stepp contend that Judge Stark was incorrect in concluding that plaintiff adequately alleged detrimental reliance, based on the reasoning found in *Trenwick Am. Litig. Trust v. Ernst & Young, L.L.P.*, 906 A.2d 168, 211 n.128 (Del. Ch. 2006) ("Delaware law states the knowledge of an agent acquired while acting within the scope of his or her authority is imputed to the principal."). Having reviewed the case law cited in the Report and Recommendation and that relied on by defendants, the analysis by Judge Stark is consistent with controlling federal law[6] and the record as developed to date.[7]

_____

[5]I note in this regard that defendant Cosgrove submitted a declaration and lengthy appendix with his objection, a sure sign of issues of fact.

[6]"Reasonable reliance is an element of a federal law claim and what constitutes such reliance is a matter of federal law. Federal law calls for the determination of reasonableness to be made on a case-by-case basis based on all of the surrounding

5

4.) **Economic loss.** Defendants Stockman and Stepp contend that plaintiff has failed to identify any economic loss by the Company arising out of its August 2004 sale of bonds and, therefore, has no standing to assert a Section 10(b) claim for alleged fraud in connection with that transaction. Defendants' argument is not persuasive for two reasons. First, the question of whether the infusion of cash into a company through the issuance of fraudulently inflated securities is harmful to a company is an issue that should be vetted through discovery, as it was in *In re CitX Corp.*, 448 F.3d 672, 677-78 (3d Cir. 2006). Second, the question of whether "deepening insolvency"[8] is a cognizable form of injury that can support a section 10(b) claim has been resolved (in my mind) by the Third Circuit in *Thabault v. Chait*, 541 F.3d 512 (3d Cir. 2008), wherein the Court simply equated the descriptive phrase with the harm it encompasses, that is, "increased liabilities, decrease in fair asset value and lost profits of a corporation." *Id.* at 523. Plaintiff has satisfactorily alleged such harm.

b. **Count III - breach of fiduciary duties.**[9] Defendant Barnaba argues that, because he was not an officer of the Company, Delaware law imposes upon him

_____

circumstances." *AES Corp. v. Dow Chemical Co.*, 325 F.3d 174, 179 (3d Cir. 2003).

[7]Judge Stark noted that the record as presented supports the proposition that not all of the Company's directors participated in the alleged wrongful conduct. *See Ruckle v. Roto American Corp.*, 339 F.3d 24, 27 (2d Cir. 1964).

[8]I note in passing that, while the original complaint referred to the concept of "deepening insolvency" (*see, e.g.,* D.I. 1 at 40, 60, 156, 167, 176), the concept was not emphasized (or even mentioned, as per my review) in the FAC.

[9]I agree with Judge Stark that the statute of limitations defenses asserted by, among others, defendant McCallum are fact-driven and not appropriately resolved at this stage of the proceedings.

no fiduciary duties of care and loyalty. The FAC, of course, identifies him as an officer. I agree with Judge Stark that this is an issue of fact not appropriately resolved at this stage of the proceedings.[10]

        c. Defendant Cosgrove argues the opposite, that because he was a director or officer, he is entitled to the presumption of the business judgment rule, to wit, that in engaging in the conduct at issue, he relied in good faith on facts provided to him by the Purchasing Department. Again, defendant Cosgrove may ultimately prevail on this theory, but the FAC sufficiently alleges that he knowingly participated in the fraudulent schemes outlined therein, thus presenting issues of fact that need to be vetted through discovery.

        d. Plaintiff contends that defendant Heartland's motion to dismiss count IV should not be granted, as the FAC contains adequate allegations that Heartland owed fiduciary duties to the Company as a result either of being a majority shareholder or due to its actual control over the Company's operations or both. I agree that the relevant law supports Judge Stark's dismissal of this count as to Heartland. *See Citron v. Steego Corp.*, No. 10171, 1988 WL 94738 at \*6-7 (Del. Ch. Sept. 9, 1988); *Dubroff v. Wren Holdings, LLC*, No. 3940-VCN, 2009 WL 1478697 at \*4 (Del. Ch. May 22, 2009).

        e. **Count IV - unjust enrichment.**[11] Defendants Becker and McCallum contend that count IV should be dismissed as to them because they entered into agreed-upon transactions with the Company and, therefore, there was nothing unjust

---

[10]But an issue that perhaps should be resolved in an expedited fashion.

[11]Consistent with other holdings in this regard, the statute of limitations defense raise by defendant Becker is not appropriately resolved at this juncture.

7

about the remuneration they received as part of their respective bargains. The FAC contains allegations, however, that the transactions involving these defendants were fraudulent; by definition, the payments to them would be unjust if the transactions were proven to be fraudulent. I conclude that this count is adequately pled as to these defendants.

f. **Counts VIII through XI.** Judge Stark recommended the dismissal of plaintiff's professional negligence/malpractice and breach of contract claims in counts VIII through XI because he deemed the allegations as to the auditor defendants' knowledge of the wrongdoing to be "conclusory" or otherwise inadequate. He did so based on his analysis of the aiding and abetting count against these same defendants (count XII), wherein he concluded that plaintiff "failed adequately to allege the auditor defendants' 'knowing participation' in any breach." (D.I. 176 at 50) More specifically, the FAC was held to have "merely conclusory allegations that the auditor defendants actually knew of [the] alleged fraudulent schemes" because of the "extensive allegations that other defendants undertook extensive efforts to mislead the auditors." (*Id.*) In footnote 16 of the Report and Recommendation, Judge Stark concluded that there was an analogous requirement for "knowing participation" vis a vis the financial statements, i.e., that the FAC did not contain adequately specific allegations that the auditor defendants "knew or should have known" the financial statements were false. (*Id.* at 52, n.16)

g. I find the FAC to be replete with allegations that there were risk factors ("red flags") which should have alerted the auditor defendants to (i.e., they should have known about) accounting irregularities not necessarily dependent on the "artificial

8

inflation of the Company's earnings resulting" from the fraudulent schemes asserted against the director and officer defendants (D.I. 90 at 48-49), e.g., the overstatement of the Company's deferred tax assets, the Company's improper reporting of related party transactions, and the Company's failure to provide appropriate disclosure about its liquidity issues and ability to continue as a going concern. At this stage of the case, I conclude that the FAC contains facts that "raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact)." *Victaulic Co. v. Tieman,* 499 F.3d 227, 234 (3d Cir. 2007). I will return the matter to Judge Stark, however, to address the remainder of the arguments raised by the auditor defendants, including that of Michigan's wrongful conduct rule (*in pari delicto*).

IT IS FURTHER ORDERED that:

1. Count I of the FAC is dismissed as to defendants Barnaba, Krause, Becker, Evans, Hess, Tredwell, McConnell, Valenti, Galante and Koth.

2. The motions to dismiss count I filed by defendants Stockman (D.I. 115) , Stepp (D.I. 104), Cosgrove (D.I. 97), and McCallum (D.I. 99) are denied.

3. Count II of the FAC is dismissed against all director and officer defendants.

4. The motions to dismiss count III filed by defendants Stockman (D.I. 115), Stepp (D.I. 104), Cosgrove (D.I. 97), Barnaba (D.I. 128) and McCallum (D.I. 99) are denied.

5. The motions to dismiss count III filed by defendants Evans (D.I. 101), Hess (D.I. 131), Tredwell (D.I. 106), McConnell (D.I. 106), Valenti (D.I. 106), Krause (D.I. 118), Becker (D.I. 124) and Heartland (D.I. 110) are granted.

6. The motions to dismiss count IV filed by defendants Becker (D.I. 124) and

McCallum (D.I. 99) are denied.

     7.  The motions to dismiss count IV filed by defendants Stockman (D.I. 115), Stepp (D.I. 104), Krause (D.I. 118), Cosgrove (D.I. 97), Barnaba (D.I. 128), Evans (D.I. 101), Hess (D.I. 131), Tredwell (D.I. 106), McConnell (D.I. 106), Valenti (D.I. 106), and Heartland (D.I. 110) are granted.

     8.  Count V of the FAC is dismissed against defendants Krause, Becker, Evans Hess, Tredwell, McConnell, and Valenti.

     9.  The motions to dismiss count V filed by defendants Stockman (D.I. 115), Stepp (D.I. 104), Cosgrove (D.I. 97), Barnaba (D.I. 128), and McCallum (D.I. 99) are granted.

     10.  The motions to dismiss count VI filed by Heartland (D.I. 110) is granted.

     11. The motions to dismiss count VII filed by defendants PwC (D.I. 107) and KPMG (D.I. 120) are granted.

     12. The motions to dismiss counts VIII through XI filed by defendants PwC (D.I. 107) and KPMG (D.I. 120) are remanded for further review.

     13. The motions to dismiss count XII field by defendants PwC (D.I. 107) and KPMG (D.I. 120) are granted.

United States District Judge