IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COLLINS & AIKMAN CORPORATION ) <br> and COLLINS & AIKMAN PRODUCTS ) <br> CO., as Debtors in Possession, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DAVID A. STOCKMAN, et al., ) <br> ) <br> Defendants. ) | Civ. No. 07-265-SLR/LPS |

**MEMORANDUM ORDER**

At Wilmington this 26th day of April, 2010, having considered the objections to the Report and Recommendation issued by Magistrate Judge Leonard P. Stark on February 5, 2010 regarding the motions to dismiss filed by the auditor defendants,[1] as well as the papers submitted in connection therewith;

IT IS ORDERED that the objections are overruled and Report and Recommendation is accepted and adopted for the reasons that follow:

1. **Background.**[2] This is the court's second occasion to review a Report and Recommendation by Magistrate Judge Stark in this matter.[3] Consistent with the court's

---

[1]The auditor defendants are PricewaterhouseCoopers LLP and KPMG LLP.

[2]Plaintiff Collins & Aikman Litigation Trust and its subsidiary debtors brought this action against the auditor defendants alleging, inter alia, claims for negligence/malpractice (counts VIII and IX) and breach of contract (counts X and XI).

[3]On September 30, 2009, the court reviewed Magistrate Judge Stark's Report and Recommendation that addressed thirteen motions to dismiss plaintiff's first

remand, Magistrate Judge Stark revisited the issues and subsequently issued a Report and Recommendation to grant defendants' motions to dismiss for failure to state a claim. (D.I. 212)

2. **The Parties' Contentions.** Plaintiff contends that Magistrate Judge Stark erred by conducting an unnecessary choice-of-law analysis because there is no conflict between the laws of Delaware and Michigan on issues concerning negligence/malpractice and breach of contract claims and the wrongful conduct rule is available as a defense in both states. (D.I. 216) Alternatively, plaintiff avers that if even Michigan law applies, its claims are not barred by the wrongful conduct rule because the actions of various officers and directors cannot be imputed to the Company and therefore do not bar recovery.

3. Defendants counter that: (1) plaintiff waived any objection to the application of Michigan law by expressly conceding that Delaware and Michigan law would lead to the same result; (2) Magistrate Judge Stark's choice-of-law analysis was correct and points squarely at Michigan; and (3) Magistrate Judge Stark correctly recommended dismissal of plaintiff's malpractice and contract claims based on the wrongful conduct rule . (D.I. 226, 227)

4. **Standard of Review.** When reviewing the decision of a magistrate judge on a dispositive matter, the court conducts a de novo review. 28 U.S.C. 636(b)(1)(B); Fed.

---

amended complaint. (D.I. 176) The court accepted Magistrate Judge Stark's recommendation to dismiss plaintiff's claims, except with respect to counts VIII through XI. (D.I. 199) Specifically, the court returned the matter to Magistrate Judge Stark to consider the remainder of the arguments raised by the auditor defendants, including the wrongful conduct rule, in pari delicto. (Id.)

R. Civ. P. 72(b)(3). A motion to dismiss is considered a dispositive matter and, therefore, the findings and conclusions of the magistrate judge in connection with such a motion is reviewed de novo. *Id.* The court may accept, reject, or modify the recommendations of the magistrate judge. The court may also receive further evidence or return the matter to the magistrate judge with instructions for proceedings. *Id.*

  5. **Discussion.** Having reviewed the Report and Recommendation of Magistrate Judge Stark, de novo, with respect to the objections lodged, the court concludes that Magistrate Judge Stark did not err in conducting a choice-of-law analysis nor in his conclusion that Michigan law applies, as the record reflects that Michigan has the most significant relationship to the parties and the alleged wrongdoing. Moreover, in considering Michigan's wrongful conduct rule against the allegations in the complaint viewed in the light most favorable to plaintiff, the court concludes that Magistrate Judge Stark correctly determined that the wrongful conduct rule applies and is satisfied.

_____
United States District Judge